BROWN v. ELECTRIC RAILWAY CO.*

(*Knoxville.* September 28, 1898.)

1. ACTION. *Of widow for husband's injuries barred by latter's compromise.*

   An adjustment by deceased, in his lifetime, of his claim for damages for personal injuries, bars an action by his widow to recover for his death resulting from such injuries. (*Post, p. 253.*)

2. MASTER AND SERVANT. *Servant assumes risk, when.*

   Danger from a bank or wall of earth falling is open to common observation, and is a risk that a servant working in its vicinity assumes. (*Post, p. 256.*)

   Cases cited and approved: 34 Minn., 95; 41 Minn., 290; 70 N. W. Rep., 976; 105 N. Y., 159; 24 N. E. Rep., 748; 65 Iowa, 237; 123 N. Y., 5; 168 Mass., 396.

---

FROM HAMILTON.

---

Appeal from Circuit Court of Hamilton County. FLOYD ESTILL, J.

CASE & CASE for Brown.

BROWN & SPURLOCK for Railway Co.

---

*On the question how many distinct causes of action arise from injuries resulting in death, there is a review of the authorities in a note to *Louisville & Nashville Railroad Co.* v. *McElwain* (Ky.), 34 L. R. A., 788.—REPORTER.

WILKES, J. This is an action for personal injuries, resulting in the death of plaintiff's husband, Andrew Brown. Defendant introduced no evidence, but demurred to that of plaintiff, which was sustained by the trial Judge and the suit dismissed, and the plaintiff has appealed and assigned errors.

The defendant, as one of his pleas, stated that the matter of damages arising out of this accident was compromised and settled with the deceased in his lifetime.

There was a replication to this plea, among other things, to the effect that this settlement was before the husband died, and before the plaintiff's right of action accrued, and was no bar to it. The Court, on motion, struck out this part of the replication, and this is assigned as error. There was no testimony on this feature of the case, and, under the shape it has assumed, it is not material to be considered. It may be said, however, that it was not error to strike out the replication, since, if there had been a settlement and adjustment made by the deceased in his lifetime of his claim for damages, it would bar any subsequent action by the widow. Of course the good faith and binding effect of such settlement could be put in issue as was done, but that also becomes immaterial under the demurrer, which raises and relies solely upon the theory that there was no cause of action to any one arising out of the accident.

The facts as disclosed by plaintiff's proof are

that her husband was an illiterate negro, an ordinary laborer, but there is no proof that he was weak minded or imbecile.    He was employed with another to dig and uncover an escape pipe at or near the defendant's power house, in an alley between the power house and a frame house on the east of it.    This alley was some ten feet wide. The ditch started in at a depth of three or four feet at the north, and deepened to seven feet or more at the edge of Seventh Street.    Beneath the surface the dirt to be excavated was loose for some distance and then there was clay, and it was thrown out, as excavated, on the east side of the ditch, next to the power building.    There was a ledge of about three feet on which the dirt was banked up.    There were no stays across or along the ditch, and no protection from its falling in or caving in.

It did fall in on Andrew Brown, while he was excavating at a place where it was about six feet deep, and crushed him so that he died.    An expert engineer, Fritzwater, had charge of the work, and Brown was working under his directions and obeying his orders.    After the accident defendant took precautions to avoid further caving.    The pipes were rusted.

It is insisted that this is not a case where the employe has full knowledge of the danger and assumes the risk; that he was an ignorant negro, and could not be presumed to know his danger from the character of the soil, which was filled in with cinders

and debris, nor that the banking of the dirt upon the narrow ledge would cause it to cave in; and that all these facts and the danger consequent on them were well known to the engineer and not communicated to the employe; that it was the duty of the employer to furnish a safe place to work in; that the work was done under the immediate supervision of the engineer who was present; that stays and supports for the excavation should have been provided and used; and that the evidence should have gone to the jury, especially in view of the ignorance of the deceased, as to whether . he knew of the danger. The right of recovery is resisted on the idea that the danger, if any, was patent; that it could be appreciated and known by the weakest intelligence, and that the deceased, when he undertook the work, assumed the risks incident to it.

If the plaintiff in this case was aware of the danger attending his work, or it was so obvious and apparent that a man of ordinary intelligence would have seen it, then he must be held to have taken its risks and hazards, and would not be entitled to recover. Bailey's Personal Injuries, Secs. 501, 502*a*, 796, 796*a*.

The witnesses state that the loose character of the soil and the banks was apparent, and the danger of their caving in must have been obvious to the most ordinary intelligence and to a common laborer. The witness, McQuade, says that it could be seen as you went down into the ground that it was

made earth, and any man of ordinary sense could see the kind of soil it was; that it was principally filled in with cinders, which was loose stuff, and the person who was digging could tell this better than anyone else. The witness, Gass, states substantially to the same effect, and says that any man of ordinary sense could tell whether he was digging through cinders or clay. It clearly appears, therefore, that the deceased knew the danger to which he was exposed, and continued to work, and in such cases he must be held to have assumed the risks, and is not entitled to recover for injuries sustained.

Danger from a bank or wall of earth falling is one open to common observation, and is a risk assumed by anyone walking therein. *Olsen* v. *McMullen*, 34 Minn., 95; *Pederson* v. *Rashford*, 41 Minn., 290; *Swanson* v. *Railroad*, 70 N. W. Rep., 976; *Loughlin* v. *State*, 105 N. Y., 159; *Del Seynore* v. *Hallihan*, 24 N. E. Rep., 748; *Evans* v. *City of Council Bluffs*, 65 Iowa, 237; *Krantz* v. *L. I. R. R. Co.*, 123 N. Y., 5; *Hughes* v. *Gas Co.*, 168 Mass., 396.

Let the judgment of the Court below be affirmed with costs.