### BACCELLI v. NEW ENGLAND BRICK CO.

(Supreme Court, Appellate Division, Third Department, May 4, 1910.)

1. APPEAL AND ERROR (§ 866*)—APPEAL FROM JUDGMENT OF DISMISSAL.

The complaint is to be treated, on appeal from a judgment dismissing it, after the opening of plaintiff's case, on the ground that it did not state a cause of action, as though demurred to, making its sufficiency the sole question for consideration.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 866.*]

2. MASTER AND SERVANT (§ 258*)—INJURY TO SERVANT—SAFE PLACE TO WORK—MASTER'S FAILURE OF DUTY—PLEADING.

The complaint alleging that plaintiff's intestate was put to work by defendant, his employer, in a dangerous place, defendant knowing it was unsafe, shows defendant failed in its duty to deceased.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 816–836; Dec. Dig. § 258.*]

3. MASTER AND SERVANT (§§ 260, 289*)—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

The complaint alleging that deceased, a boy 16 years old, was sent by defendant, his employer, to work at the foot of a vertical wall of clay 50 feet high, near the top of which was an overhanging face of clay having fissures running through it, with assurance that it was safe, and that, ignorant of the danger, he obeyed, it cannot be held, as matter of law, that he was guilty of contributory negligence, or that he appreciated or assumed the risk of the fall of the overhanging clay.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 844–848, 1089–1132; Dec. Dig. §§ 260, 289.*]

4. MASTER AND SERVANT (§ 118*)—SAFE PLACE TO WORK.

The case is not outside the doctrine of the duty of the master to furnish a safe place to work, where, after the master had removed clay from a clay bed till there was a vertical wall 50 feet high, with an overhanging face of clay, an employé, who had had nothing to do with the creation of the condition, was set to work at the foot of the wall.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 177, 209; Dec. Dig. § 118.*]

5. MASTER AND SERVANT (§ 124*)—PLACE OF WORK—DUTY OF INSPECTION.

The presence of fissures running through the overhanging face of a wall of clay, at the base of which a servant was put to work, imposed on the master the duty of frequent inspection to discover indications of immediate danger.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 235–242; Dec. Dig. § 124.*]

6. MASTER AND SERVANT (§ 118*)—EMPLOYER'S LIABILITY ACT—"WORKS."

A clay bank, on which an employé is working, is regarded as "works," within the employer's liability act (Consol. Laws, c. 31), extending the liability of the employer to the employé to defects in the condition of the works connected with the business.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 118.*

For other definitions, see Words and Phrases, vol. 8, pp. 7524, 7525.]

Appeal from Trial Term, Saratoga County.

Action by Germanio P. Baccelli, administrator of Taddeo Forte, deceased, against the New England Brick Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Geo. R. Salisbury, for appellant.

Frederick Hulse, for respondent.

SEWELL, J. Upon the trial of this action, after the plaintiff had opened his case, the court dismissed the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The complaint must, therefore, be treated as if it had been demurred to, and the sole question to be considered is whether it sufficiently states a cause of action.

The complaint alleges the incorporation of the defendant; that on the 15th day of July, 1908, the plaintiff's intestate, a boy 16 years old, was employed by the defendant as a day laborer in mining and taking clay from the defendant's clay bank; that the defendant had caused large quantities of clay and earth to be excavated from the clay bed, and had thereby constructed and maintained a vertical wall or side about 50 feet high, which had near the top thereof an overhanging face of clay and earth, which had several fissures running through it, and was in danger of falling any moment; "that thereafter, and while the said sides or wall and face was in such dangerous condition, the defendant negligently required and directed plaintiff's intestate to work at the foot of said side or wall and directly under said overhanging face of clay and earth; that defendant was then and there informed of the dangerous condition of said wall, and requested to remove said overhanging face, but negligently omitted so to do, and assured plaintiff's intestate that it was safe for him to work thereunder; that thereupon plaintiff's intestate, having no knowledge of such dangerous and unsafe condition, and relying upon said assurance of the defendant, did enter said excavation and work at the foot of said wall, directly under said overhanging face of clay and earth, in accordance with defendant's direction aforesaid; that immediately * * * the said overhanging face of clay and earth gave way and fell upon plaintiff's intestate, and in consequence thereof he was so injured and mangled and crushed that he died a few minutes thereafter." The complaint also alleges that the death of the deceased was caused by the negligence of the defendant, in that the defendant failed to provide a safe place to work, in constructing and maintaining said overhanging face of clay and earth, in assuring plaintiff's intestate that it was safe to work thereunder, and in omitting to inspect and examine the wall and the overhanging face. It also alleges that the decedent was without fault or negligence, and that on the 5th day of September, 1908, letters of administration upon his estate were duly issued and granted to the plaintiff.

All the allegations of fact being admitted, it stands conceded that the plaintiff's intestate was put to work in a dangerous place, and that the defendant knew it was unsafe. I think this is enough to show that the defendant failed in his duty to the decedent, and if, as the complaint charges, the decedent was sent with the assurance that it was safe, and, ignorant of the danger, obeyed orders and met his death;

it was error to hold as a matter of law that the deceased was negligent, or that he appreciated or assumed the risk of the accident which occurred. This case is not like Citrone v. O'Rourke Eng. Co., 188 N. Y. 339, 80 N. E. 1092, 19 L. R. A. (N. S.) 340, Russell v. Lehigh Valley R. Co., 188 N. Y. 344, 81 N. E. 122, 19 L. R. A. (N. S.) 344, or Perry v. Rogers, 157 N. Y. 251, 51 N. E. 1021, cited by respondent's counsel. In each of these cases the servant was steadily making, or assisting in making, his own place in which to work. Here the servant had nothing to do with the preparation or creation of the overhanging wall or bank. He took no part in the creation of this condition of danger. On the contrary, he began his work after the place had been prepared by the master through other servants. I also think that the jury would have been justified in finding that the accident occurred from a cause which could have been foreseen and guarded against by the exercise of proper care and prudence on the part of the master. The fact that there were several fissures running through the overhanging bank, and that it was likely to fall at unexpected times, imposed upon the defendant the duty of frequent inspection for the purpose of discovering appearances indicating immediate danger.

The complaint not only sets forth facts sufficient to constitute a cause of action at common law, but a cause of action under the employer's liability act (Consol. Laws, c. 31). That act extends the liability of the employer to defects in the condition of the ways, works, or machinery connected with or used in his business, and that a clay bank is to be regarded as "works," within the meaning of the act, was expressly held by us in Palin v. Cary Brick Co., 133 App. Div. 483, 117 N. Y. Supp. 1072.

It follows that the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur; COCHRANE, J., in result.