## CITY OF CHATTANOOGA v. POWELL.*

### (*Knoxville*:   September Term, 1915.)

1. **MASTER AND SERVANT.** Injury to servant. Danger. Assurances of foreman.  Contributory negligence.

A foreman, a man of large experience in the construction of ditches, had his attention called to the danger of working in a certain ditch about ten feet deep by a person laboring therein who had little such experience, and the foreman pronounced the ditch safe and the earth of the walls was not of such character as to give warning of imminent danger. *Held*, that the laborer was not negligent in accepting the assurances of the foreman and continuing work there. (*Post, pp.* 139, 140.)

Cases cited and approved:   Mergenthaler-Horton Basket Mach. Co. v. Lyon, 28 Ky. Law Rep., 471; Central Coal & Iron Co. v. Thompson, 31 Ky. Law Rep., 276; Burkhard v. A. Leschen & Sons Rope Co., 217 Mo., 466; McKee v. Tourtellotte, 167 Mass., 69; Swearingen v. Consolidated Troup Min. Co., 212 Mo., 524; Allen v. Gilman (C. C.), 127 Fed., 609; Consolidated Coal Co. v. Shepherd, 220 Ill., 123; Baccelli v. New England Brick Co., 138 App. Div., 656.

2. **MASTER AND SERVANT.** Injury to servant.  Foreman. Authority.  Assurances of safety.

Where a foreman has authority to decide whether a ditch needs bracing, has charge of the work, and has been given directions how and when the work shall be done, and has charge of the servants, he is authorized to give to the servants assurances of the safety of the ditch which will bind his employer in a suit by a servant for personal injuries by a cave in. (*Post, pp.* 140, 141.)

### FROM HAMILTON.

*The rule as to assurance of safety by master or co-servant is discussed in notes in 48 L. R. A., 542, 23 L. R. A. (N. S.), 1014, 30 L. R. A. (N. S.), 453.

Appeal from the Circuit Court of Hamilton County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— NATHAN L. BACHMAN, Judge.

CARDEN & SNYDER, for plaintiff.

TATUM, THACH & LYNCH, for defendant.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

Defendant in error was one of a number of colored men engaged in digging a ditch for sewerage purposes in the city of Chattanooga, under the direction of plaintiff in error's foreman. The ditch was a long one, extending the length of a city block. The part of it where defendant in error was at work had been excavated to the depth of ten feet and eight inches. Defendant in error became apprehensive on account of the depth, and called the foreman's attention to the fact, and expressed some concern for his safety. The foreman assured him that the wall was safe, and commanded him to proceed with the work. Defendant in error continued for a time, and again became apprehensive, having observed the fall of some pebbles from the top of the wall, and a second time called upon the foreman of the plaintiff in error, and asked that the wall should be braced. The foreman replied that the wall was perfectly safe, and commanded the defendant in error to continue his work. The latter, relying on the superior knowledge of the foreman, did

as he was bidden.   Soon thereafter the wall caved in upon him and injured him seriously.   The foreman was a man of large experience in the construction of ditches, and the defendant in error had but little experience in this work, his general occupation lying in another line of labor.   The earth composing the wall of the ditch was not of such a character as to warn any one of imminent danger, since it appeared to be firm. The apprehension felt by the defendant in error was based wholly on the depth of the ditch.   It was the custom of the business in which the foreman was engaged to "shore up" deep walls when he deemed them dangerous.   It was on this account that the defendant in error asked that the wall extending above him be protected in the manner indicated.

The defendant in error sued the city, and recovered a judgment for $350.   The case was appealed to the court of civil appeals, and there the judgment was affirmed.   The case was then brought to this court by the writ of *certiorari*.

The only question we deem necessary to consider in this opinion is whether the trial judge committed error in refusing to peremptorily instruct the jury to render a verdict in favor of the city.   We are of the opinion there was no error in refusing this instruction.   Defendant in error, under the facts stated, was justified in relying upon the assurance of safety given to him by the foreman, and in obeying the latter's orders to continue his work.   Under these facts the city drew to itself the risk, it not appearing that the danger was so glaring that a man of ordinary prudence would not have

continued to work. This principle is well settled. *Mergenthaler-Horton Basket Mach. Co.* v. *Lyon,* 28 Ky. Law Rep., 471, 89 S. W., 522; *Central Coal & Iron Co.* v. *Thompson,* 31 Ky. Law Rep., 276, 102 S. W., 272; *Burkard* v. *A. Leschen & Sons Rope Co.,* 217 Mo., 466, 117 S. W., 35; *McKee* v. *Tourtellotte,* 167 Mass., 69, 44 N. E. 1071, 48 L. R. A., 542; *Swearingen* v. *Consolidated Troup Min. Co.,* 212 Mo., 524, 111 S. W., 545; *Allen* v. *Gilman* (C. C.), 127 Fed., 609; *Consolidated Coal Co.* v. *Shepherd,* 220 Ill., 123, 77 N. E., 133; *Baccelli* v. *New England Brick Co.,* 138 App. Div., 656, 122 N. Y. Supp., 856.

The exception just noted as to glaring dangers is a sufficient protection to the master. The latter should not be permitted in other cases to say that the servant assumed the risk in the face of an assurance of safety and a command to proceed. The assurance, in such a case, is equivalent to a statement to the servant that the master has a knowledge of the matter superior to that of the servant, and that the latter can rely upon the information given. To permit the master, under such circumstances, to throw the responsibility on the servant would be equivalent to conferring on him the right to practice a fraud. It would be tantamount to permitting him to say to the servant:

"You should not have trusted me. I invited your confidence, but you should have known it was misplaced."

No court should sanction such treachery.

It is insisted, however, that the foreman had no authority to give the assurance. It was his duty to

City of Chattanooga v. Powell.

decide when the wall needed bracing; hence to judge of the danger. He was in the position of the master; he had charge of the work, and was giving directions as to how it should be done, and when it should be done. It was within his line of duty to control the servants, and it necessarily followed that he had the right to make such assurances in good faith, in order to secure a continuance of the work, and these would be binding on the master in the absence of knowledge on the part of the servant of an express withholding of the power.

We are referred to the case of *Brown* v. *Electric Co.*, 101 Tenn., 252, 47 S. W., 415, 70 Am. St. Rep., 666.

That case is not in point. The nature of the earth, as described in the opinion of the court, was such as to furnish a direct warning to the servant of the imminence of his danger. It was made earth—"principally filled in with cinders, which was loose stuff, and the person who was digging could tell this better than any one else."

It appears that the servant knew the danger he was incurring, yet made no complaint, nor did he receive any assurance of safety, if indeed such assurance would have amounted to anything under the facts of that case.

Let the judgment of the court of civil appeals be affirmed.