GREY EAGLE MARBLE Co. *v.* PERRY.*

(*Knoxville.* September Term, 1917.)

**MASTER AND SERVANT. Assumption of risk. Assurance by vice principal. Inspection.**

Although where an injured employee in a quarry has, by reason of superior experience or knowledge, a better knowledge or an equal knowledge of the danger of a cave-in, he cannot rely on his employer's assurance of safety, but such is not the case where the master has specially delegated one to make inspections who assures the injured of safety.

Cases cited and approved: Sivley v. Drill Co., 128 Tenn., 675; Roofing, etc., Co. v. Black, 129 Tenn., 30; City of Chattanooga v. Powell, 133 Tenn., 137; Brown v. Electric Co., 101 Tenn., 252.

Cases cited and distinguished: Riley v. Neptune, 181 Ind., 228.

---

FROM KNOX.

---

Appeal from the Circuit Court of Knox County.— VON. A. HUFFAKER, Judge.

CORNICK, FRANTZ, McCONNELL & SEYMOUR, for appellant.

A. L. GRIMM and K. E. STEINMETZ, for appellee.

---

*On liability of employer for injuries to servant where servant has equal or superior knowledge, or means of knowledge of danger, see note in 41 L. R. A., 130.

On servant's right of action for injuries received in obeying direct command accompanied by assurance of safety, see note in 48 L. R. A., 753; 23 L. R. A. (N. S.), 1014; 30 L. R. A. (N. S), 453.

Mr Justice Williams delivered the opinion of the Court.

The action is one for damages for personal injuries sustained by Perry while in the employ of the marble company. A judgment was rendered in his favor, and the court of civil appeals affirmed it.

Perry, though a young man just above his majority, at the time of his injuries had four years' experience in marble quarrying with various companies, and was conversant with the work he was engaged at when he was injured. His duty was to strip the marble of the earth and loose rock. While at work he noticed a rock of considerable size protruding out of the soil several feet above him, and testifies that he said to his foreman, Burnett, "I think that rock is dangerous up there," and that the foreman replied: "There is no danger there. Go ahead." At other places in his testimony he stated that he was assured by Burnett that there was no danger, without adding, "Go ahead."

Perry was excavating several feet below the projecting rock, and the fair inference is that his work did not tend to make the rock less secure as he proceeded.

Burnett, who also had several years' experience, had imposed on him as one of his duties that of inspecting "where the men were working for the purpose of determining whether or not it was a safe place to work." There was no fixed time for making a tour of inspection; it was his duty to look after that as he would go through the quarry.

The rock, containing six or eight cubic feet of material, fell from its place on Perry as he was working below, and crushed his leg. This occurred within a short period of time after the assurance was given by Burnett.

The jury might well have found that plaintiff, Perry, and Burnett had equal experience in quarrying and knowledge and appreciation of the incident danger.

One of the assignments of error of the marble company is directed at the following paragraph of the judge's charge, and another complains of the refusal of a request to charge, which tended to cure the claimed error.

"It is insisted by and on behalf of plaintiff that he was advised by his foreman or superintendent that said rock was safe and to proceed with his work, and it is denied by the defendant such assurance was given, and claimed that the plaintiff was given no advice or assurance at all touching the question of safety, but was expected to look out for his own safety, and, further, that if such assurance of safety had been given, the plaintiff fully and sufficiently knew, understood, and appreciated the dangers, if any, of his employment, to avoid the same. If you find from the preponderance of the evidence touching this matter that plaintiff's foreman or superintendent, Mr. Burnett, or any superintendent or foreman, assured the plaintiff that said rock was safe and would not fall, the plaintiff had a right to rely upon that assurance of safety and to

proceed with his work, exercising ordinary prudence for his own safety, unless the danger was so plain that a person of ordinary prudence would see and appreciate the same and refuse to take the risk, in which event the plaintiff would be held to have assumed the risk, and cannot recover damages in this action.''

The request which was refused embodied the statement that if the danger was such that the employee and the foreman had equal opportunity and qualification or skill, there remained the assumption of risk on the part of the former, notwithstanding any assurance of safety that may have been given.

It is observed that the trial judge in the portion of the charge quoted asserts that plaintiff had a right to rely upon the assurance of safety without there being coupled with the assurance a command to him to proceed with the work. In the preceding portion of the paragraph he had stated that plaintiff insisted that both an assurance and a command were given him, and the jury must have understood that in the latter portion the right of plaintiff as formulated was predicated on the assurance of safety alone.

The rule that an employee may rely upon his employer's assurance that a situation is not dangerous does not apply where the employer may not be fairly assumed, by reason of superior experience or knowledge, to have a better knowledge of the danger than the employee, and hence does not apply, ordinarily, if their knowledge is equal.

In *Riley* v. *Neptune,* 181 Ind., 228, 103 N. E., 406, it was said:

"To authorize the application of this exception to the general rule, it must appear that the employee relied and acted upon the assurance. It must be the operating influence, and it must have justification in actual or fairly imputed superiority of experience, skill, or knowledge on the part of the employer. The exception does not arise when the employee is an adult of ordinary intelligence and has knowledge of the danger equal to that of his employer. In that case, his reliance upon an assurance of the absence of danger has no justification."

In 2 Bailey, Personal Injuries, section 416, it is said:

"Where the servant has knowledge of the defect and also better or equal knowledge of the danger than that possessed by the master, or his representative who gives the assurance of safety, the servant cannot rely thereon."

Mr. Labatt is in accord. 4 Labatt Mas. & Serv., sections 1374-1376, and cases cited.

The true theory underlying the general rule is that the knowledge possessed by the employee is, in usual and normal circumstances, not equal to that of the employer, so that the employee may rely upon an assurance of safety coming from the employer or a vice principal. When equality exists, the exception arises. This theory was recognized and given effect

by this court respecting the assumption of risk on the part of an employee in the use of simple tools. *Sivley* v. *Drill Co.*, 128 Tenn., 675, 680, 164 S. W., 772, 51 L. R. A. (N. S.), 337; *Roofing etc., Co.* v. *Black,* 129 Tenn., 30, 34, 164 S. W., 1183, 51 L. R. A. (N. S.), 340.

The case of *City of Chattanooga* v. *Powell,* 133 Tenn., 137, 179 S. W., 808, relied upon by the employee, is to be differentiated. There, in addition to the assurance of safety, there was a command that the employee continue his work, and the foreman was shown to be a man of large experience, and the employee had but little experience in the work. That was a case for the application of the general rule.

The case of *Brown* v. *Electric Co.,* 101 Tenn., 252, 47 S. W., 415, 70 Am. St. Rep., 666, relied upon by the employer, involved no assurance of safety. In neither case was the ruling directed to the point here under consideration.

However, the lack of strength in the position advanced by the appellant for reversible error lies here: We have not to do with an ordinary foreman. It appears that the sub-foreman, Burnett, had imposed on him and customarily performed the employer's duty of inspecting the quarry. There is nothing in the proof to show that when the assurance of safety was given by him the complaining employee knew that the assurance was not based upon an inspection that had been made by him. Without such showing Burnett and plaintiff did not appear to be on a parity; and, though

Grey Eagle Marble Co. v. Perry.

the latter had equal skill to discover and appreciate danger in the situation, he had a right to rely upon the assurance as having back of it an inspection, the precedent making of which Perry had a right to presume.

The request to charge did not embody this phase of the doctrine favorable to plaintiff, and its reference to "equal opportunity" tended to mislead. Plaintiff may have had equal opportunity to inspect, but the primary duty to do so was not his.

We are of opinion that a correct result was reached by the court of civil appeals; there being no reversible errors set forth in any of the assignments. Affirmed.