WILLIAM A. McKEE *vs.* MARCUS L. TOURTELLÓTTE.

Hampden.    September 23, 1896. — October 23, 1896.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Master and Servant — Assumption of Risk — Exceptions — Instructions.*

It cannot be held, as a universal rule, that a servant who knows a danger takes the risk of it by yielding to the assurance and command of his master and working where the danger exists.

A party to an action, whose request for a ruling on a certain point has been refused, should, if he fears that the instruction given on this point will be taken in a broader sense than he deems consistent with the law, call the attention of the judge to the language used, instead of excepting generally to such instruction.

At the trial of an action for personal injuries occasioned to the plaintiff by the caving of the bank of an unshored ditch in which he was working, while in the employ of the defendant, who told him that the ditch was safe, the defendant is not entitled to a ruling that, " if the plaintiff was told by any party that the bank would cave," he could not recover.

TORT, for personal injuries occasioned to the plaintiff, while in the defendant's employ, by the caving in of the bank of an unshored ditch in which he was working. At the trial in the Superior Court, before *Hopkins*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*C. L. Long*, for the defendant, submitted the case on a brief.

*W. H. McClintock*, for the plaintiff.

HOLMES, J. This is an action for injuries suffered in consequence of the caving in of a ditch bank, while the plaintiff was at work connecting water pipes in the ditch. The defendant does not deny that he knew of the danger, but on the contrary says that it was obvious, and that he and others warned the plaintiff of it, and that he told him not to work there. The plaintiff's evidence is that he was working there by the implied command of the defendant, and that the defendant declared the ditch to be all right. Seemingly, the plaintiff knew that the bank overhung a couple of feet.

The defendant asked for a ruling that it was no part of the plaintiff's duty to follow instructions of the defendant to work in a dangerous place, and if the plaintiff knew, or had reasonable cause to know, that it was dangerous to work in the ditch, he could not recover, although the defendant may have said to him that the ditch was all right. This was not given in the words of the request, but, as we interpret the instructions, was meant to be given in substance, pretty nearly, so far as correct. The court said, " If you should find that he was not bound to anticipate the danger of the earth caving in, that he was warranted in assuming that that part was left safe for him, and if you should find upon the evidence that the master, standing by, observed him doing the work, and made a declaration that it was safe, still that would not protect him against the obvious perils and dangers that existed, and which you have a right to take into consideration." But later in the charge the court added : " The mere fact that a man knows the unsafe condition of a thing does not necessarily, as matter of law, constitute him negligent in case he does that thing." This contradicted the ruling asked, and rightly, although possibly the illustrations were not the most apposite that could have been chosen. When we say that a

man appreciates a danger, we mean that he forms a judgment as to the future, and that his judgment is right.    But if against this judgment is set the judgment of a superior, one too who, from the nature of the callings of the two men and of the superior's duty, seems likely to make the more accurate forecast, and if to this is added a command to go on with his work and to run the risk, it becomes a complex question of the particular circumstances whether the inferior is not justified as a prudent man in surrendering his own opinion and obeying the command.    The nature and the degree of the danger, the extent of the plaintiff's appreciation of it, and the exigency of the work, all enter into consideration, and no universal rule can be laid down.    See *Hennessy* v. *Boston*, 161 Mass. 502; *Coan* v. *Marlborough*, 164 Mass. 206; *Burgess* v. *Davis Sulphur Ore Co.* 165 Mass. 71.

The instructions of the court on this point were excepted to, but no attention was called to any matter of objection other than their inconsistency with the request which has been stated. In the course of this part of his charge the judge mentioned the plaintiff's evidence that the other men were at work in the same place, and said to the jury, " If any inference is to be drawn from that fact, you are entitled to draw it as to what the judgment of the other men was as to the safety or unsafety of it, the claim being that he was not in the exercise of due care because he knew of the unsafe condition."    It is not quite clear whether the judge meant that the actual conduct of interested persons on the spot might be considered by the jury to be some evidence as to what conduct was prudent, or only that they might regard its possible influence on the plaintiff when they were deciding whether he knew of the unsafe condition, as would seem from the connection in which the remark was made. The judge had stated the defendant's testimony that he and some of the men had told the plaintiff that the ditch was unsafe, and that the plaintiff denied that any one had told him so, but said that the master stood by until ready to go, and left the men at work there, and that the other men were at work in the same place.    On the latter interpretation especially there is no question of introducing evidence upon collateral issues as to the experience of other men at other times, as in *Schoonmaker* v.

*Wilbraham,* 110 Mass. 134, but a reference to the plaintiff's contradictory version of the actual circumstances in which he found himself, and under which he had to make up his mind, all of which were before the jury for such conclusion as they might draw. If the defendant feared that the instruction would be taken in a broader sense than he deemed consistent with the law, he should have called attention to the language.

The defendant also asked a ruling that if the plaintiff was told by any party that the bank would cave, he could not recover. Very plainly this was wrong. The plaintiff may have been told so by a workman, but may have believed a statement by the defendant that the ditch was safe.

Exceptions to the exclusion of evidence of the depth at which the pipe then lay, and that there had been no change in the level of the street, are not argued. It does not appear that the defendant expected to contradict or to qualify the plaintiff's evidence already in.            *Exceptions overruled.*