## BETCHMAN v. SEABOARD AIR LINE RY.

1. DEFENSE OF ASSUMPTION OF RISKS OR OF CONTRIBUTORY NEGLIGENCE by
servant is not available to the master unless pleaded. Is the defense
of assumption of ordinary risks presumed to have been within con-
templation of parties at making of contract available without being
pleaded?

2. MASTER AND SERVANT—RISKS—CONSTITUTION—FELLOW-SERVANTS.—A
WATCHMAN AT A RAILROAD CROSSING is engaged in another department

of labor from his fellow-servants engaged in running a train of cars across the crossing, or in a different piece of work, and their negligence, under sec. 15, of art. IX., of Constitution, is not one of the ordinary risks which he assumed upon entering the employment of the master.

3. IBID.—NEGLIGENCE—SIGNALS.—Such servant is entitled to the same rights and remedies as other persons, and failure to give signals on approaching a railroad crossing is competent as tending to show negligence.

4. IBID.—Master is liable for injury to servant caused by his error of judgment in attempting to pass around a moving car, or in stepping out of its way, except where the conduct of the servant was careless and the proximate cause of the injury.

5. IBID.—A RAILROAD COMPANY is liable for injury to a watchman at a crossing in the night, seen by engineer on crossing with lantern in hand, if engineer did not consciously assume that he would get out of the way, but was carelessly inadvertent as to what he would do.

Before GAGE, J., Lexington, November, 1905.    Affirmed.

Action by Walter P. Betchman, administrator of John Betchman, against Seaboard Air Line Ry.    From judgment for plaintiff, defendant appeals.

*Messrs. Lyles & McMahan* and *Efird & Dreher*, for appellant. The former cite: *Nonsuit should have been granted*: 67 S. C., 365; 21 Am. & Eng. R. R. Cas., 453; 35 Id., 670; 10 Id., 444; 39 Id., 368; 8 Ency., 395, 400; 14 A. & E. R. R. Cas., 803.    *Statutory signals at crossings are not for employees*: 33 S. C., 139; 52 S. C., 323; 58 S. C., 70.    *Company is not liable for injury caused to employee by error of judgment in getting out of danger*: 46 S. C., 541.

*Messrs. W. Boyd Evans, Lawson D. Melton* and *E. M. Thomson*, contra, cite: *Nonsuit properly refused*: 52 S. C., 323; 58 S. C., 70; 65 S. C., 214; 22 Ency., 1278, 1280; 67 S. C., 136.    *Proof of failure to give signals properly admitted*: 52 S. C., 323; 58 S. C., 70; 63 S. C., 446.

August 16, 1906.    The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action, at common law, to recover damages, for the alleged wrongful death of John Betchman, plaintiff's intestate.

The complaint alleges, that on the 21st of December, 1903, John Betchman was in the employ of the defendant as a night watchman or flagman, in the city of Columbia, at the intersection of Gervais and Lincoln streets, where the car line of the Electric Railway Company crosses the main line and side tracks of the defendant. That among the duties of the plaintiff's intestate, it was incumbent on him to give warning of the approach of any trains over the main line or side track of the defendant, and in doing so, it was necessary to watch for street cars, vehicles and pedestrians approaching and passing over said crossing, which is one of the most frequent and hazardous in the city. That while so engaged, between the hours of 8 and 9 o'clock in the evening of said day, he was killed by defendant's train of cars. That the cause of the death of said deceased was the negligence, recklessness and wantonness of the defendant, (1) in that it was backing its train of cars at an unlawful and reckless rate of speed, in violation of an ordinance of the city; (2) without any lights to give warning of its approach; (3) without ringing the bell or blowing the whistle; (4) without maintaining a proper lookout; and (5) without using due care or caution on the occasion.

The answer was a general denial.

At the close of plaintiff's testimony, the defendant made a motion for a nonsuit, which was refused. The jury rendered a verdict in favor of the plaintiff for $1,500, and the defendant appealed.

The first and second exceptions assign error in refusing the motion for nonsuit. The first ground of the motion for nonsuit was that "the deceased being a watchman, charged specially with watching this crossing of the Seaboard Railway, and the street railway, and the street, the failure to give the statuory signals, or even the violation of the speed ordi-

nance of the city, would not be a violation of duty as to him, which would be the proximate cause of the injury to him."

The second ground was that the plaintiff's intestate had notice of the approach of the train, and that the failure to give the signals was not, therefore, the cause of the injury.

Before proceeding to consider these exceptions, it may be well to determine what issues were raised by the pleadings.

The answer does not interpose either the defense of assumption of risk or contributory negligence. When a person enters into the employment of another as a servant, he assumes, in law, those risks that are ordinarily incident to the service. In an action by the servant for damages sustained through the alleged negligence of the master, the latter may show, without pleading the facts as a defense, that the injury was the direct and proximate result of an ordinary risk, as such risks are presumed to have been within the contemplation of the parties, when they entered into the contract, and testimony to that effect tends directly to refute the allegation of negligence. When, however, the defendant relies upon facts, occurring after the parties had entered into the agreement, to show that the plaintiff had, by his conduct, assumed the risk which caused the injury, such facts must be set forth as a defense, as they are in the nature of a plea of confession and avoidance. *Montgomery* v. *Ry.*, 73 S. C., 503.

The general rule in regard to contributory negligence is that it must likewise be pleaded as a defense.

Under the pleadings in this case, the defendant is not entitled to the benefit of either the defense of assumption of risk or contributory negligence.

There was testimony tending to sustain each specific act of negligence alleged in the complaint, and ordinarily this would be a sufficient reason for refusing the motion for nonsuit. There is one instance, however, in which the Court will grant a nonsuit, although there is testimony tending to prove the allegations of the complaint, to wit: when it fails to state facts sufficient to constitute a cause of action.

*Rosemand* v. *R. R.,* 66 S. C., 91, 44 S. E., 514; *Austin* v. *Mfg. Co.,* 67 S. C., 122, 45 S. E., 147. Even if we should regard the motion for nonsuit as, in effect, a demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, in that the acts of negligence specified in the complaint, were the ordinary risks, which plaintiff's intestate assumed, at the time the contract of service was made, nevertheless it could not be sustained.

Art. IX., sec. 15, of the Constitution, provides that "every employee of any railroad corporation shall have the same rights and remedies for any injury suffered by him from the acts or omissions of said corporation or its employee as are allowed by law to other persons not employees, when the injury results from the negligence of a superior agent or officer, or of a person having a right to control or direct the services of a party injured, and also when the injury results from the negligence of a fellow-servant, engaged in another department of labor from that of the party injured, or of a fellow-servant on another train of cars, or one engaged about a different piece of work. Knowledge by any employee injured of the defective or unsafe character or condition of any machinery, ways or appliances, shall be no defense to an action for injury caused thereby, except as to conductors or engineers in charge of dangerous or unsafe cars or engines voluntarily operated by them."

This action shows that John Betchman was either engaged in another department of labor from that of the fellow-servants in charge of the train, or that he and they were engaged in a different piece of work. Therefore, their negligence was not one of the ordinary risks which he assumed upon entering into the contract aforesaid. These exceptions are overruled.

The defendant requested his Honor, the presiding Judge, to charge as follows: "Employees of the company, injured at crossings, cannot take advantage of the omission of signals required by law to be given at crossings. Such statutes and ordinances are for the benefit

of passengers, strangers and travelers on the highways." The presiding Judge modified the request by adding: "But the omission to give signals may be considered as circumstances tending to show negligence." This is made the basis of the third exception.

A similar question is presented by the fourth and sixth exceptions. The request was erroneous, in that it was too favorable to the defendant, for plaintiff's intestate was entitled to the same rights and remedies as are allowed by law to other persons not employees, and as to such other persons evidence of omision to give signals would have been competent, as tending to show negligence. *Cooper* v. *Ry. Co.,* 65 S. C., 214, 43 S. E., 682, and the cases therein cited. These exceptions are overruled.

The defendant requested his Honor, the presiding Judge, to charge as follows: "So, if an employee make an error in judgment, in attempting to pass around a moving car, and fails to do so, or fails to step out of the way in time, he cannot recover for injury inflicted by the car."

The presiding Judge modified the request by adding: "If his conduct was careless and was the proximate cause of the accident," and this is made the basis of the fifth exception. The request was erroneous, in that it ignored the element of proximate cause, and the modification which cured the defect was proper. This exception is overruled.

The seventh exception assigns error on the part of his Honor, the presiding Judge, in refusing to charge that there was no evidence of wilfulness in this case. The appellant seems to have abandoned this exception as it was not argued. The request, however, was properly refused, as the testimony tended to show a reckless disregard of the flagman's rights.

The defendant requested the presiding Judge to charge as follows: "If a watchman at a railroad crossing is seen by those in charge of an approaching train, standing on or near the railroad track, with his lantern in his hand, in the night time, they have the right to assume that he will get out of the way, and if acting upon such assump-

tion an injury occurs to such watchman, the railroad company is not liable," the presiding Judge added: "If, however, the engineer did not consciously assume that, but was carelessly inadvertent about what the watchman would do, then the railroad is liable, if such carelessness was the proximate cause of the watchman's death." This was made the basis of the eighth exception. The request was erroneous, in that it ignored the element of proximate cause, and the modification which cured this defect was proper.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MESSRS JUSTICES JONES *and* WOODS *concur in the result,* saying: *"Assumption of risk by an employee is not available unless pleaded as a defense. Montgomery v. Seaboard Air Line,* 73 S. C., 503, 53 S. E. R.. 988."