8744

BIZE v. VIRGINIA-CAROLINA CHEMICAL CO.

MASTER AND SERVANT—SAFE PLACE—A WATCHMAN whose duty it is to pass among the machinery of the master's plant to ascertain if there are any hot journals, is entitled to have a reasonably safe floor to make his rounds on.

Before DEVORE, J., Charleston, April term, 1913. Affirmed.

Action by John D. Bize against Virginia-Carolina Chemical Co. Defendant appeals.

*Messrs. Mordecai, Gadsden & Rutledge* and *Mitchell & Smith,* for appellant.

*Messrs. Logan & Grace,* contra.

March 16, 1914. The opinion of the Court was delivered by

MR. JUSTICE GAGE. Action for damages to the person, consequent upon defendant's negligence; verdict for plaintiff for three thousand five hundred ($3,500.00) dollars; appeal by defendant.

The exceptions are five, but they make, and the appellant argued, only one issue; that is, the whole testimony of the witnesses does not convict defendant of carelessness.

There is no doubt about the rule of law, that if there be any testimony from which carelessness may be inferable, the issue ought to go to the jury; and *contra,* if no such inference can be drawn from the testimony, the issue ought not to go to the jury.

The delicate, difficult and ofttimes unsatisfactory office of the trial Judge is to apply these rules to the case in hand.

In the very nature of the event, no certain key can be fashioned to undo all the cases which arise; each one must be determined as it arises, and upon its own circumstances.

One arbiter might well conclude that negligence was not inferable from the circumstances; another might be of contrary opinion.

Of necessity, therefore, there must exist some apparent, and indeed some real *vacillation* in the cases, when one is compared with the other.

In the case at bar, the servant had been in the employ of the defendant for twenty years; he was a night watchman. This long service is a potent circumstance in the servant's favor; it tends to show that he was a faithful and careful man.

It is true that the plaintiff was a watchman; but that does not put him beyond the pale of protection. *Betchman* v. *R. R.,* 75 S. C. 73, 55 S. E. 140.

There was a suggestion made by the defendant that it was the plaintiff's business to watch for holes in the floor; but the witnesses for the defense do not sustain that contention. The superintendent testified that it was plaintiff's duty "to go around the plant and ascertain whether there were any hot journals, or anything of that kind."

The plaintiff was entitled to have a reasonably safe floor upon which to walk to accomplish his ten rounds in the nighttime.

The jury have found that the floor was not reasonably safe, and there is no warrant to conclude otherwise.

The judgment below ought to be affirmed; it is so ordered.