(78 South. 874)

ATLANTA, B. & A. RY. CO. v. REYNOLDS.
(6 Div. 756.)

(Supreme Court of Alabama.   April 18, 1918.)

1. MASTER AND SERVANT ☞286(1)—INJURY TO SERVANT—SUBMISSION TO JURY.

In action against railroad for injuries sustained by an employé, the question of whether the railroad was negligent was properly submitted to the jury, although evidence thereon was not conclusive.

2. MASTER AND SERVANT ☞285(1)—INJURY TO SERVANT — PROXIMATE CAUSE — SUBMISSION TO JURY.

In an action against railroad for injuries to an employé, the question of whether negligence was proximate cause of injury was properly submitted to jury, although evidence thereon was not conclusive.

3. MASTER AND SERVANT ☞289(37)—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE—SUBMISSION TO JURY.

In an action against railroad for injury sustained by employé while riding on the wing of a dirt spreader, the question of whether employé was guilty of contributory negligence in riding on the wing of the spreader was properly submitted to the jury, where he had been ordered to so ride by his superintendent.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by John Reynolds against the Atlanta, Birmingham & Atlantic Railway Company. Judgment for plaintiff and defendant appeals. Transferred from the Court of Appeals under section 6, p. 449, Act of April 18, 1911. Affirmed.

Tillman, Bradley & Morrow and J. A. Simpson, all of Birmingham, for appellant. Mathews & Mathews, of Bessemer, for appellee.

MAYFIELD, J. Appellee was employed by appellant on its work train which was spreading dirt on its right of way. While riding on one of the wings of the spreader, as the train was moving from one point to another, to spread the dirt, the spreader struck a rock, and the impact or jar threw appellee off the wing of the spreader, and caused him to sustain slight personal injuries, to recover damages for which he sues. The negligence re-

lied upon is that of a superintendent in causing a sudden jerk or lurch of the train. The defendant pleaded the general issue and contributory negligence. The trial resulted in a verdict and judgment for plaintiff for $200, from which judgment defendant appeals.

[1-3] It is insisted that the affirmative charge should have been given for the defendant as to each count: First, because there was no evidence to establish the negligence alleged in either; second, because, if negligence there was, it was shown not to have been the proximate cause of the injury; and, third, because the undisputed evidence showed plaintiff to have been guilty of contributory negligence. It would do no good to discuss each of these questions separately as to each count. They can be determined only by reading and construing the evidence. Neither question is wholly without merit, in that the evidence is not certain and conclusive as to any count, nor as to the plea of contributory negligence. We agree with the trial court, however, that each question was properly submitted to the jury. We should hold that plaintiff was shown to have been guilty of contributory negligence but for the fact that he testified that his superior or "boss" told him to ride on the wing of the spreader. While, as defendant argues, this negligence of the boss or superintendent is not relied on for a recovery, yet we are not prepared to say that plaintiff was conclusively guilty of contributory negligence in riding on the wing at the particular time if he was directed to ride there by his superintendent or superior. It was not so obviously dangerous as to ride, as to apply the doctrine of volenti non fit injuria, if ordered so to ride by his superior.

As said by Judge Denson in Skelton's Case, 149 Ala. 465, 43 South. 110, quoting from McKee v. Tourtellotte, 167 Mass. 69, 44 N. E. 1071, 48 L. R. A. 542:

"The nature and degree of the danger, the extent of the plaintiff's appreciation of it, and the exigency of the work, all enter into consideration, and no universal rule can be laid down." "The servant does not stand on the same footing with the master. His duty is obedience, and if, when in the discharge of that duty, he is damaged through the neglect of the master, it is but meet that he should be recompensed. The essential inequality of the positions of the parties is deemed to warrant the deduction that a prudent man has a right, within reasonable limits, to rely upon the ability and skill of the agent in whose charge the common master has placed him, and is not bound at his peril to set his own judgment above that of his superior."

The record shows that the trial court charged the law as favorably for defendant as it had a right to demand. Liability, under the issues and the evidence, was a question for the jury.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.