10275

### BARNHILL v. CHEROKEE FALLS MANUFACTURING COMPANY.

#### (100 S. E. 151.)

1. MASTER AND SERVANT—WHEN QUESTION OF ASSUMPTION OF RISK IS FOR JURY.—Whether an 18-year-old employee of average intelligence, but of limited experience, appreciated the danger of sliding a loaded wheelbarrow down an unguarded gangway from which he was thrown into a river, when one of the legs of the wheelbarrow slipped off, *held* for the jury, though the conditions were obvious.

2. MASTER AND SERVANT — APPRECIATION OF DANGER NECESSARY TO ASSUMPTION OF RISK.—A master, to relieve himself from liability on ground that servant assumed risk, must show, not only that the servant knew the danger, or that it was so obvious that he should have known it, but also that he comprehended or appreciated it.

Before SHIPP, J., Cherokee, Fall term.  Reversed.

Action by John W. Barnhill, administrator, against the Cherokee Falls Manufacturing Company. Judgment of nonsuit, and plaintiff appeals.

*Messrs. G. W. Speer* and *John Gary Evans,* for appellant. *Mr. Speer* cites: *As to assumption of risk:* 18 R. C. L. 694; 34 Sup. Ct. 229; 34 Sup. Ct. 639-40; 96 S. E. 553; 91 S. E. (N. C.) 591; 72 S. E. 828; 85 S. E. 231. *Where the testimony is susceptible of more than one inference the case must be submitted to the jury:* 95 S. E. (S. C.) 79.

*Messrs. Butler & Hall,* for respondent, cite: *As to assumption of risk:* 114 Minn. 257; 130 N. W. 1104; 80 S. C. 232; 55 S. C. 483; 72 S. C. 237; 104 S. C. 452; 102 S. C. 96; 107 S. C. 96. *Nonsuit is proper where the testimony of plaintiff's witnesses make out defendant's defense:* 29 S. C. 96; 80 S. C. 232; 61 S. C. 468; 72 S. C. 346; 72 S. C. 246; 114 Minn. 257; 130 N. W. 1104.

August 26, 1919.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This is an action for damages for the wrongful death of plaintiff's intestate, Casper Barnhill, while employed by defendant. One end of defendant's dam on Broad River had been washed away, and Barnhill and other laborers were carrying stones in wheelbarrows from the opposite side of the river across the dam, the top of which was 12 feet wide, to repair the breach. The dam was about 4 feet lower than the river bank, and a gangway was constructed of two pieces of timber, 10 inches wide and 16 feet long, laid side by side, with one end on the bank and the other on the dam. For convenience, it was placed near the edge of the dam. It had no guard rails, and its slope was so great that the men were unable to roll their wheelbarrows down it, when loaded, but had to slide them down by bearing down on the handles, so that the legs would serve as brakes. The floodgates in the dam were under the gangway, and were raised, and the river was rushing through them in a torrent. While Barnhill was sliding his wheelbarrow down the gangway one of the legs slipped off, and he was thrown into the river and drowned. He had been working for defendant about 10 days, and had been rolling stone about 3 days. He was 18 years old, and of average intelligence, but of limited experience, never having worked away from home before, except for a few days. Defendant's officers and agents were on the ground daily, and observed the condition and method of doing the work. There was testimony that the gangway could have been placed at the center of the dam, and, if it had been so placed, Barnhill would have fallen on the dam, and not into the river, and, if there had been guard rails on it, he could not have fallen off.

Plaintiff alleged negligence and recklessness in failing to provide a safe place to work, in that the gangway was too narrow and unprotected by guard rails. At the close of his

testimony, which tended to prove the facts above stated, defendant moved for a nonsuit, on three grounds : (1) That there was no evidence of recklessness; and (2) none of negligence; and (3) that Barnhill assumed the risk.   The Court refused the motion on the second ground, but granted it on the first and third.   The ruling as to the first and second grounds is not questioned, but appellant assigns error in granting the nonsuit on the third ground.

The trial Judge based his ruling on the fact that the risk was obvious, from which he concluded, as matter of law, that it was assumed.   No doubt, in the majority of cases, assumption of the risk follows, as matter of law, from the fact that danger is obvious.   But it is not always so, since one may know the facts and be ignorant of the danger growing out of them.   Nonappreciation of the danger is inconsistent with the supposition that, in entering upon or remaining in the service, the servant exercised that deliberate choice which is an essential element of contract, upon the implication of which the doctrine rests. When we say that a man appreciates a danger, we mean that he forms a judgment as to the future, and that his judgment was right.   *McKee v. Tourtellotte*, 167 Mass. 69, 44 N. E. 1071, 48 L. R. A. 542.

While it appears that Barnhill was a youth of ordinary intelligence, and, therefore, it should be presumed that he comprehended what a person of ordinary prudence and of his intelligence and experience would have understood from the situation, it also appears that he was only 18 years of age and of limited experience and that he was set to work with older and more experienced men, and was working under the immediate supervision of defendant's officers. Did he form a correct judgment of the danger of the situation?   Or did he simply proceed in reliance upon the supposed superior knowledge and experience of his fellow workmen and of defendant's officers and agents in providing the place and method of work, without forming or exercis-

ing his own judgment? While the circumstances warrant the inference drawn by the Court, we do not think that was the only inference of which they were susceptible. The conditions were obvious, but the circumstances were such that the jury should have been allowed to say whether Barnhill appreciated the danger incident to them.

Where the master's fault is the cause of injury to his servant, he is *prima facie* liable, and if he would relieve himself of the consequences, on the ground that the servant assumed the risk, he must show, not only that the servant knew the danger, or that it was so obvious that he should have known it, but also that he comprehended or appreciated it.

Judgment reversed.