### 10982

### BERRY v. DILLON MILLS

#### (113 S. E. 348)

1. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE OF COTTON MILL EMPLOYEE EXTINGUISHING FIRE HELD FOR JURY.—Where a cotton mill employee, hit by a belt which ran off its pulley while he was extinguishing a fire on the floor near the pulley, testified he poured water upon the floor, but not upon the belt, the question whether he was guilty of contributory negligence in throwing water on the belt under the conditions of peril confronting him was for the jury.

2. MASTER AND SERVANT—APPRECIATION OF DANGER ESSENTIAL TO ASSUMPTION OF RISK.—It is not essential that a servant should anticipate the particular form of danger that actually eventuates in order to charge him with assumption of risk from obviously defective machinery, but it is essential that he understands there is danger, and that he has some intelligent appreciation of it.

3. MASTER AND SERVANT—ASSUMPTION OF RISK BY INEXPERIENCED EMPLOYEE HIT BY BELT HELD FOR JURY.—Where an inexperienced cotton mill employee was hit by a belt which ran off its pulley while he was throwing water on a fire, caused by friction when a string holding a weight away from another pulley broke, the question of whether he knew the machine was defective and appreciated the danger were for the jury.

Before BOWMAN, J., Dillon, Spring Term, 1921. Affirmed.

Action by Edward Berry against Dillon Mills. Judgment for plaintiff, and defendant appeals.

*Messrs. Gibson & Muller,* for appellant, cite: *Servant chose unsafe way where there was a safe way and cannot recover:* 104 S. C., 45; 89 S. C., 504. *Assumption of risk:*

86 S. C., 234; 112 S. C., 541. *Injury came from doing something outside scope of employment*: 92 S. C., 488.

*Messrs. Joe P. Lane* and *L. D. Lide,* for respondent, cite: *No warning as to defects:* 111 S. C., 437. *Emergency makes case for the jury*: 18 R. C. L., 654, par. 147, 148; 97 S. C., 411; 89 S. E., 1013. *No assumption of risks due to negligence of Master:* 87 S. C., 211; 111 S. C., 437; 103 S. E., 590; 98 S. C., 324; 102 S. C., 402; 112 S. C., 541.

August 17, 1922.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The plaintiff, Berry, recovered a judgment against the defendant, Dillon Mills, for damages on account of personal injuries, alleged to have been sustained while in the employ of the mills. The defendant appeals upon exceptions which impute error to the Circuit Judge in refusing to direct a verdict for the defendant.

There was testimony tending to establish that the plaintiff, who was without previous experience as a cotton mill operative, had been in the employ of the defendant about three months; that for about one month he had been operating a machine which tore apart the baled cotton and formed it into laps; that power was conveyed to this machine by belts and pulleys from a large shafting overhead; that there were three or four belts on the side, one "close down" to the floor; that there was a kind of weight hanging near a certain pulley, which weight the boss of the room had tied back with a cotton string; that this weight had to be tied to keep it from rubbing against the pulley; that on the occasion of plaintiff's injury, this string broke, causing the weight to fall against the pulley; that as a result of the friction of the weight against the pulley, a fire caught in the cotton waste on the floor; that at the place plaintiff was working there were buckets of water, hung within easy

reach, provided by the mills for the purpose of fighting fire; that plaintiff had been instructed to put out fire by throwing water on it; that he was standing in front of the machine when the fire caught on the floor close to the pulley; that he took a bucket of water, hanging on a post just behind him, and poured the water "on the floor by the machine where the fire was, and not on the machine"; that when he raised up and went down near the floor to put the fire out, the little belt ran off its pulley and wound up on the shafting and hit him in the face, severely injuring his eye; that there was "enough cotton scattered there to burn the city," etc.; and that he did not have time to stop the machine before using the water.

The grounds of defendant's motion for the direction of a verdict were that the evidence was open to no other reasonable inference than (1) that the plaintiff was guilty of contributory negligence in that he brought about, or contributed to bring about, his own injury "by throwing water on a running belt," and (2) that he assumed the risk of the injury sustained, in that he had full knowledge of the condition of the machine, and in that the alleged defect thereof was patent.

We think defendant's motion for a directed verdict was properly overruled. Upon the issue as to contributory negligence, the plaintiff testified categorically that he poured the water, not upon the running belt, but upon the floor. Even if we were permitted to indulge the inference that he was mistaken in that particular, it could not be held as a matter of law that the plaintiff was guilty of contributory negligence in throwing water on a moving belt under the conditions of eminent peril from fire, which, according to his statement, confronted him at the time. In thus meeting an emergency not brought about by his own negligence, the law required of him only the care which a man of ordinary prudence would have exercised in the same circumstances, "and makes proper allowance for

excitement, terror, or the instinct of self-preservation."
*Bloxem v. Stave & Timber Corp.,* 147 N. C., 37; 89 S. E.,
1013. *Stanton v. Chemical Co.,* 97 S. C., 411; 81 S. E., 650;
18 R. C. L. 654, § 147. Under the facts of the case at bar
the defendant's motion for a directed verdict, based upon
the contributory negligence of the plaintiff in the particular
specified, was properly overruled.

    Neither could the trial Judge have held as a matter
of law that the risk of injury had been assumed by
plaintiff. Appellant's contention of fact is that the
condition of the machine here was known to the servant,
that the defect was patent, and that the danger was obvious,
or should have been obvious, to a man of ordinary sense
and prudence. The legal proposition involves the conclusion
that the plaintiff as a servant, with full knowledge of the risk
and comprehension of the danger, elected to remain in the
service of the master, thus exercising "that deliberate choice
which is an essential element of contract, upon the implica-
tion of which the doctrine [of assumption of risk] rests."
*Barnhill v. Cherokee Falls Mfg. Co.,* 112 S. C. 541, 100
S. E. 151. The patent defect, as we understand appellant's
contention, consisted in the "tying back" of the weight near
the pulley with a cotton string. That, as plaintiff contends,
had been fixed by the boss of the room in the discharge of
the master's nondelegable duty of keeping the machinery in
repair. Whether prior to the injury plaintiff as an inex-
perienced servant was chargeable with knowledge of that
condition *as a defect,* is open to question. But even if he
knew that the defect existed, it does not follow that he un-
derstood and appreciated the danger. Certainly, it could
not be held that the danger from fire ought to have been
anticipated by him, when, according to the defendant's wit-
ness, Lovell, the friction of the weight against the pulley
could not have produced the fire. It is not essential, of
course, that the servant should anticipate the particular form
of danger that actually eventuates in order to charge him

with assumption of the risk from an obvious defect in machinery; but it is essential that the servant understand that there is danger and have some intelligent appreciation of it. *Barnhill v. Cherokee Falls Mfg. Co., supra.* Whether the plaintiff knew the machine here was defective, and, if so, whether he fairly comprehended and appreciated the danger of such defect were clearly questions for the jury's determination.

The judgment of the Circuit Court is affirmed.