11314

BUNCH *ET AL.* v. AMERICAN CIGAR CO.

(119 S. E., 828)

1. APPEAL AND ERROR—UPON APPEAL FROM NONSUIT, EVIDENCE CONSIDERED MOST FAVORABLE TO PLAINTIFF.—Upon appeal from an order of nonsuit, the inferences from the evidence will be taken most strongly in favor of plaintiff.

2. MASTER AND SERVANT—WHETHER SAFE PLACE WAS FURNISHED HELD FOR JURY.—Evidence that, as employee was leaving employer's premises, she stepped on a splotch of oil in a dark hallway and while descending the stairway slipped and fell, *held* to require submission to the jury of the issue whether employer furnished a safe place in' which to work.

---

Note: On injury to servant on master's premises before, after, or between hours of work, see notes in 12 L. R. A. (N. S.) 753 and 23 L. R. A. (N. S.) 954.

3. MASTER AND SERVANT—INJURY FROM UNSAFE PLACE PRIMA FACIE
   CASE OF NEGLIGENCE.—Where an injury is shown to have resulted
   from an unsafe place to work, a *prima facie* case of negligence is
   made out against the master, and he has the burden of exculpating
   himself.

· Before BOWMAN, J., Charleston, January, 1923.    Reversed and remanded.

Action by Ethel Bunch and her husband agaist American Cigar Co.    From an order of non-suit the plaintiff appeals. ·

*Messrs. Whaley, Barnwell & Grimball,* for appellants, cite: *Duty of Master to furnish safe place to work:*    18 S. C., 262; 18 S. C., 275; 34 S. C., 211; 72 S. C., 401; 95 S. C., 239; 96 S. C., 425; 99 S. C., 231; 101 S. C., 59; 112 S. C., 541; 113 S. E., 348.

*Messrs. Hagood, Rivers & Young,* for respondent, cite: *Failure of master to furnish safe place must be proven:*    72 S. C., 130; 72 S. C., 242; 122 S. C., 259; 116 S. C., 386; 39 S. C., 513; 118 S. C., 234; 102 S. C., 492.

October 30, 1923.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for damages on account of personal injury sustained by the plaintiff Ethel Bunch, at the time an employee of the defendant.    Her husband was joined as a party plaintiff.

The appeal is from an order of nonsuit.

The evidence for the plaintiff tended to establish the following facts, the inferences from which will be taken most strongly in favor of the plaintiff, as we are bound to do upon an appeal from an order of nonsuit.

The plaintiff, Ethel Bunch, as an employee of the defendant company, was engaged at work on the fourth floor of the building.    She knocked off work at 5 o'clock p. m.    The day was dark and cloudy, and there

was no light at the door leading to the staircase and none on the staircase. The door was about two steps from the head of the staircase. About three steps from the door which leads to the staircase there was a splotch of oil upon the floor. In passing to the door she stepped upon the splotch of oil and some of it stuck to her shoe. As she descended the stairs, she slipped and fell halfway down the stairs and sustained personal injuries. The slipping and fall were due to the oil upon her shoe.

3    If without her fault she stepped into the oil and a part of it adhered to her shoe, causing her to slip and fall, in descending the stairs, it is the same in principle as if the oil had been spilt upon the steps, and brings the case within the doctrine so often declared by this Court that if an injury is shown to have resulted from an unsafe place to work, a *prima facie* case of negligence is made out against the master, and the burden of exculpating himself is cast upon him. See the cases cited in the note hereto, taken from the appellants' argument, which the reporter will append, giving full titles.

The cases referred to in the opinion follow: *Gunter v. Mfg. Co.*, 18 S. C., 262; 44 Am. Rep., 573. *Lasure v. Mfg. Co.*, 18 S. C., 275. *Carter v. Oil Co.*, 34 S. C., 211; 13 S. E., 419; 27 Am. St. Rep., 815. *Green v. Southern Ry.*, 72 S. C., 401; 52 S. E., 45; 5 Ann. Cas., 165. *Thomason v. Mfg. Co.*, 95 S. C., 239; 78 S. E., 895. *Bize v. Chemical Co.*, 96 S. C., 425; 81 S. E., 10. *Cutter v. Mallard Lumber Co.*, 99 S. C., 231; 83 S. E., 595. *Cannon v. Lockhart Mills*, 101 S. C., 59; 85 S. E., 233. *Barnhill v. Mfg. Co.*, 112 S. C., 541; 100 S. E., 151. *Berry v. Dillon Mills*, 120 S. C., 333; 113 S. E., 348.

It was error to grant the nonsuit.

The order is reversed, and the case remanded for a new trial.