13868

HINSDALE *ET AL.* v. WESTROPE *ET AL.*

(174 S. E., 898)

*Messrs. C. Y. Brown* and *Osborne & Butler,* for appellants,

*Messrs. J. Davis Kerr* and *Perrin & Tinsley,* for respondents,

June 12, 1934.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Respondents were the owners of a house and lot in Hendersonville, N. C., and the appellants were the owners of a house and lot in Deland, Fla. J. M. Pollock and A. C. Willard are brokers engaged, among other things, in negotiating for clients the purchase and sale of real estate. Through this agency the respondents and appellants were brought together on a proposition to exchange their respective properties. An agreement was reached and the terms reduced to writing which instrument of writing was signed by the contracting parties in person or by authorized agent. After signing some question arose as to the ability of respondents to carry out their part of the agreement, and after considerable discussions further agreements were made, and here-

about much of the present controversy centers. Respondents brought their action for damages for breach of contract, alleging that appellants had failed and refused to carry out the contract, and by deceitful, fraudulent, and unlawful conduct had willfully and intentionally put it beyond their power to comply.

The case was tried by Judge Sease and a jury, and resulted in a verdict for plaintiffs for actual and punitive damages.

At the close of plaintiffs' testimony defendants moved for the direction of a verdict in their favor as to punitive damages, which motion was refused. No motion for new trial was made, nor was there a motion for nonsuit or directed verdict as to actual damages.

Defendants appeal from the judgment and state in their brief that the exceptions made two issues for the consideration of this Court, viz.:

(1) Was it error to refuse the motion for direction of verdict in favor of appellants on the issue of punitive damages for alleged fraudulent breach of contract?

(2) Was it error for the Judge to charge the jury respondents' eleventh request, to the effect that certain alleged conduct on the part of appellants, if proven, would constitute a fraudulent act, justifying the infliction on appellants of punitive damages as well as actual damages?

As to the first above-stated issue, a review of the evidence shows that there was testimony which made it the duty of the trial Judge to submit that issue to the jury.

The second stated issue presents a more serious question. At the request of the plaintiff his Honor charged the jury as follows: "I further charge you that if you find from the evidence that the defendants herein intentionally disposed of the land which they agreed to transfer to the plaintiffs, so as to defeat and prevent the actual carrying out of their contract, then and in that event, such an act on the part of the defendants would be a fraudulent one, and the defendants could be made to respond in punitive damages as well as compensatory damages."

Standing alone and unexplained there might be some ground for the contention that the charge infringed upon the provision of the constitution which inhibits a Judge from charging upon the facts. We think an analysis of the language of the charge relieves it of this effect.

It in effect said to the jury: If you find from the evidence that the defendants have disposed of the Florida property with intent to make it impossible to carry out their contract, that would be *prima facie* evidence of fraud, which, if proven, would warrant the infliction of punitive damages.

This would not be a charge on the facts. *See Brewer v. Brooklyn Cooperage Co.,* 167 S. C., 152, 166 S. E., 85; *Bunch v. American Cigar Co.,* 126 S. C., 324, 119 S. E., 828.

His Honor added to the charge the following: "I charge you that, Gentlemen, in connection with, and qualified with the definition of fraud that I read to you out of the book. And after all, it is for you to say whether there was fraud, and whether it has been proven against the defendants."

He had charged the jury immediately preceding the charge complained of, "that when a breach of a contract to convey land is accompanied with a fraudulent act the defendant may be made to respond in punitive damages as well as compensatory damages."

In his general charge he had said: The mere breach of a contract does not carry with it punitive damages but only compensatory damages. But where a person breaches a contract, accompanied by a fraudulent act, then punitive damages follow."

Appellants' counsel contend in argument that the charge complained of "left to the jury the duty and privilege of finding only one fact, namely, whether the defendants herein intentionally disposed of the land, so as to defeat and prevent the carrying out of the contract."

His Honor in his general charge had said to the jury: "I instruct you, Gentlemen, that where a person, or persons, breaks a contract, even intentionally, nothing else follows

except actual damages. * * * But where a person breaches a contract, accompanied by a fraudulent act, then punitive damages follow."

It is the established rule that the charge must be taken as a whole.

Measured by this standard we do not think the jury were misled.

The exceptions are overruled, and the judgment of the Court below is affirmed.

MR. CHIEF JUSTICE BLEASE, MESSRS. JUSTICES STABLER and CARTER, and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.