## 6899

### GADSDEN v. CATAWBA POWER CO.

1. FELLOW-SERVANTS.—CHARGE here complained of did not limit the risks of the employment to negligence of fellow-servants doing the same class of work as the injured employee, but it covered the negligence of fellow-servants generally.
2. PUNITIVE DAMAGES.—Under the pleadings and evidence here, tending to show injury to a switchman turning a switch while standing on the crossties from an engine being run on him before signal to move, the instruction as to punitive damages were proper.
3. MASTER AND SERVANT—RISKS.—It is the duty of the master to warn an immature or ignorant employee of dangers incident to his employment, and if by such immaturity or ignorance the employee is guilty of contributory negligence, it does not relieve the master in absence of warning.
4. RISKS.—That want of knowledge of risks might be due to employee's want of thought and care cannot be raised here because not raised below.
5. NEW TRIAL moved on grounds: (1) no negligence of appellant was proved to be the proximate cause of the injury; (2) injury was

caused by negligence of fellow-servant; (3) injury was caused by
contributory negligence of servants; *held,* not error to refuse.
*Divided Court.*

6. REHEARING refused.


Before PRINCE, J., York, November, 1906.    Affirmed.

Action by Isaiah Gadsden, by guardian *ad litem,* against
Catawba Power Company.  From judgment for plaintiff,
defendant appeals on the following exceptions:

(First.) "Because his Honor erred in charging the jury
as follows: 'If, however, the master has exercised due care
in the selection of his servants, and the servant is then
injured by one in the same character of employment with
himself, the same employment, doing the same work, why,
the master is not liable for that, because that is one of the
risks that the servant assumes in entering upon the employ-
ment,' thereby restricting and limiting the assumption of the
risks of the negligence of fellow-servants to those fellow-
servants only who are in the same character of employ-
ment, the same employment, and doing the same work.

(Second.) "Because his Honor erred in charging the jury
as follows: 'Now, any conscious failure to do what a man
of ordinary prudence would have done under like circum-
stances, would have been wantonness, or to say the least of
it, recklessness, which would subject the defendant to puni-
tive damages.'  The error being· (1) In submitting the
issue of punitive damages to the jury, when there was no
evidence in this case on which the plaintiff could found the
right to recover punitive damages.  (2) In that said charge
is made concretely on the facts in this case and applied
directly to the defendant herein, and is therefore a charge on
the facts.  (3) In that said charge is an incorrect statement
of the law, entitling a party to punitive damages, and does
not leave it to the jury to decide the fact.

(Third.) "Because his Honor erred in charging the jury
as follows: 'The master would have the right to assume,

if the servant was an adult and represented himself as capable of performing the duties for which the master wished to employ his service, the master would have the right to assume, in that event, that the servant knew what he was doing, but where a man is immature, where the master knows he is immature, or knows or has reason to believe that the servant is ignorant of the dangers of the employment, it is the duty of the master to warn him, and if he fails to warn him it would be negligence, and if by reason of negligence the servant is injured, the master is responsible. And if it is conscious failure to warn him, or a reckless disregard of his right, he is responsible for punitive damages.' (1) Because said charge implies that the master has no right to assume that a servant in any degree immature understands the danger and character of any work, even ordinary work he may have been familiar with seeing performed all his life. (2) Because said charge states that the failure of the master to warn any servant in any degree immature, however slight, is *per se* negligence, instead of its being a circumstance or question of fact from which the jury may or may not infer negligence. (3) Because the conscious failure to warn does not in itself always make the master liable for punitive damages, but it is for the jury to say on the facts in each particular case.

(Fourth.) "Because his Honor erred in charging the jury, in his modification of defendant's first request, as follows: 'That a man can not assume a risk that he knows nothing about. If he is ignorant or inexperienced, or by reason of youth or immaturity, he does not appreciate the risk, why, he can not be held to have assumed it.' (1) In that the said lack of knowledge or ignorance of the risk might be due to the servant's own want of thought or care, in other words, to the servant's own negligence, without fault of the master. (2) In that the degree of immaturity or inexperience in every case is for the jury upon the facts and circumstances proven in that case, to infer or not infer that servant knew or should have known and assumed the risks.

(Fifth.). "Because his Honor erred in modifying the defendant's third request as to contributory negligence and charging the jury as follows: 'That if by reason of youth and inexperience the plaintiff contributed to his own injury, even as a proximate cause, that would not defeat his recovery, if the master had failed to exercise that degree of care which the law imposes upon him, to have warned an inexperienced youthful employee of the dangers incident to the employment. In other words, if by reason of youth and inexperience and lack of discretion the plantiff unconsciously contributed to his own injury, because of his lack of knowledge of the dangers incident to his employment, he could not be held to contributory negligence.' The error being: (1) Because said charge is wholly inapplicable to this case, in which there is no evidence whatever from which the jury could infer that the plaintiff was so youthful or inexperienced as to be relieved of contributory negligence. (2) Because said charge assumes as a principle of law that any degree of inexperience or youth would relieve the plaintiff of his contributory negligence, and did not leave it to the jury to say under the facts proven whether or not the plaintiff should be held responsible for his contributory negligence.

(Sixth.) "Because his Honor erred in modifying the defendant's sixth request and charging the jury that only those servants engaged in a 'common employment' and not discharging any of the duties of the master, were fellow-servants to each other, thereby limiting and restraining the relation of fellow-servants to those in a common employment.

(Seventh.) "Because his Honor erred in refusing the defendant's motion for a new trial on each of the following grounds:

(a) "That the evidence does not show any negligence by the defendant company causing or being the proximate cause of the plaintiff's injury.

(b) "That the evidence for the plaintiff, viewed in its most favorable light to him, shows conclusively that his injury was caused by the negligence of his fellow-servant.

(c) "That the plaintiff's own evidence, viewed in its most favorable light to him, shows conclusively and necessarily his own negligence contributed as a proximate cause to his injury, and no evidence offered by the defendant tends to relieve the plaintiff of his contributory negligence."

*Messrs. A. G. Brice* and *Wilson & Wilson,* for appellant. *Mr. Brice* cites: *Who are fellow-servants:* 26 Cyc.,1282; 51 S. C., 96; 71 S. C., 56; 116 Pa. St., 628. *Every conscious failure in duty does not warrant punitive damages:* 54 S. C., 506; 60 S. C., 74; 74 S. C., 384. *From fourteen up minor is presumed capable of assuming risk and chargeable with contributory negligence:* 1 Lab. on M. & S., Secs. 291, 348; 25 S. C., 24; 91 Ga., 526; 71 Ga., 396; 177 Mass., 476; 25 Ind. App., 264; 42 N. Y. Supp., 226; 58 S. C., 413; 25 C. C. A., 220.

*Messrs. Wilson & Wilson* cite: *As to who are fellow-servants:* 39 S. C., 510. *Charge not relevant to evidence is error:* 21 Col., 533; 1 Am. Neg. R., 314; 14 Id., 273; 72 S. C., 165.

*Messrs. Buchanan & Hanahan* and *W. B. McCaw,* contra. *Messrs. Buchanan & Hanahan,* cite: *Master is liable for injury to servant while carrying out his instructions under moral compulsion:* Big. on Torts, secs. 753-4; 17 Wall., 553; 68 S. C., 69. *Rule as to punitive damages:* 60 S. C., 67; 57 S. C., 228; 57 S. C., 325; 60 S. C., 48; 62 S. C., 325. *Instruction relating to right of recovery not affecting measure of damages:* 18 S. C., 275. *Negligence of representative of master is negligence of master:* 25 S. C., 133. *Master cannot set up negligence of a fellow-servant in new work to which he has assigned servant:* Cool. on Torts, 560; 84 U. S., 553; 100 U. S., 213. *As to assump-*

*tion of risks:* 72 S. C., 420; 61 S. C., 481. *As to duty of master to warn inexperienced servant:* 48 S. C., 190; 60 Cen. L. J., 451, note; 72 S. C., 270, 130.

*Mr. Wm. B. McCaw* cites: *Assumption of risks is taken out of this case by constitutional provision:* 61 S. C., 479. *Punitive damages in proper case may be demanded as matter of right:* 75 S. C., 301; 69 S. C., 164, 115; 65 S. C., 127. *Rule as to punitive damages:* 60 S. C., 74; 54 S. C., 505; 75 S. C., 301; 69 S. C., 164, 115. *Charge must be considered with reference to case made:* 21 S. C., 400; 37 S. C., 343. *It is duty of master to warn ignorant servant:* 48 S. C., 190; 72 S. C., 270; 61 S. C., 468; 72 S. C., 420; 156 U. S., 391. *Who are fellow-servants? Wilson* v. *Ry.,* 57 S. C. *Servant doing substitute work does not assume negligence of fellow-servants there:* 68 S. C., 78; 15 Am. & Eng. R. R. Cas., 304; 22 S. C., 565. *Superintendent represented master in changing plaintiff to new work:* 18 S. C., 262; 22 S. C., 557; 25 S. C., 446; 63 S. C., 559; 68 S. C., 505; 70 S. C., 492; 69 S. C., 101, 387. *Or he was a superior servant with right to control plaintiff:* Art. IX, sec. 15 Con.; 68 S. C., 69; 52 S. C., 438; 51 S. C., 79; 61 S. C., 468; 73 S. C., 570. *Master is liable for negligence of fellow-servant combining with his negligence to injure a servant:* 92 Am. St. R., 862; 108 Ill., 351; 72 Id., 392; 16 Id., 248; 109 Id., 309; 110 Id., 700; 4 Id., 263; 1 Id., 25; 5 Id., 861; 15 Id., 180; 19 Id., 525; 32 Id., 621; 42 Id., 915; 44 Id., 118; 106 U. S., 702; 100 N. Y., 516; Thomp. on Neg., secs. 4932, 4856; Lab. on M. & S., sec. 813; Elliott on R. R., 2062.

The opinion of this Court was filed March 24, 1908, but remittitur held up on petition for hearing until

April 24, 1908. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. Isaiah Gadsden, who sued by his guardian *ad litem*, Peggy Ross, brought this action against the Catawba Power Company, alleging that the defendant was a corporation, duly incorporated under the laws of the State of South Carolina, and was engaged in the construction, etc., of an electric and water power company and possessed of divers cars, engines, machinery, derricks and railroad, for the moving and transportation of material, and which said instrumentalities were operated by the superintendent, agents and employees of the defendant.

The plaintiff was a minor, employed as a laborer by the defendant, and the plaintiff alleged that his service by the defendant was to work as a laborer during the daytime, but that in the absence of the regular laborer employed for the purpose he, the plaintiff, was put to work as a brakeman and laborer on the railroad operated by the defendant and ordered to go on that special work on the     night of June, 1903.

That the plaintiff was ordered and compelled by defendant to work on the train engaged in carrying cars, dirt, etc., back and forth upon the railroad, and while so engaged in such service he was ordered by his superior to change or throw a certain switch, upon the passage of said train and before its return, and while so employed in such service, and without waiting for any signal from him, suddenly and rapidly returned and pushed back and propelled the said cars toward and against the plaintiff, recklessly, wantonly, wilfully and negligently hitting and striking plaintiff, running over him, breaking his legs and arms, bruising and tearing his flesh, injuring his scalp, inflicting serious internal injuries, producing and inflicting upon the plaintiff permanent and increasing injuries, making him a cripple for life, incapacitating him from making a living and causing him great pain and agony.

That there was not on said train sufficient lights nor a sufficient number of men to safely discharge the work and properly to operate the train, nor did the defendant select

proper coemployees of plaintiff; the engineer was reckless, intemperate and incompetent; the engine was defective, out of repair and dangerous; that the defendant failed and omitted to instruct the plaintiff in the work to be performed and of the danger of the service; and through these violations of duty, causing or contributing to the above injury, the defendant wilfully, recklessly and negligently damaged and injured the plaintiff to the amount of twenty thousand dollars.

That Peggy Ross is a duly appointed guardian *ad litem* of the plaintiff.

The answer of the defendant admits its corporate character, and that it was engaged in the construction of the electric power plant and dam, in said county and State, and in said work was using various engines and machines and transporting its material for a short distance upon a tramway or railway of its own, by means of agents and employees, but it denies all the other allegations of said first paragraph.

The answer admits that the plaintiff was employed by the defendant as a laborer, but denies all the other allegations of the second paragraph.

The defendant admits that the plaintiff was employed and working as a switchman upon its said tramway or railway and that he, by his own carelessness and negligence, fell under one of the cars and his leg was broken and arm injured; but all of the other allegations of the third paragraph are denied.

That the fourth and fifth paragraphs of the complaint are denied.

For a further defense, the defendant alleges that even if it was negligent in any manner or respect, as is alleged in the complaint, the plaintiff himself was also negligent and careless, and the plaintiff, by his own negligence in switching the car, attempted to get on it, and in failing to take proper care of himself contributed to and caused his own injury.

Further answering, the defendant alleges that the injuries received by the plaintiff were within the risks and hazards of his occupation, and were assumed by him upon his acceptance of employment with the defendant.

And, lastly, that the injuries of the plaintiff were due to and caused by the negligence of his fellow-servants, and the defendant is not liable therefor.

The matter came on to be heard before Judge Prince and a jury. After a volume of testimony was taken and a careful charge to the jury by the Judge, a verdict for five thousand dollars was rendered in behalf of the plaintiff.

And the appeal now comes before this Court upon exceptions alleging error in the ruling and charge of his Honor, George E. Prince, presiding Judge. Let the exceptions for appeal be reported. We will now dispose of the exceptions in their numerical order:

First. The Judge, in the exception here pointed out, indicated that where a master has exercised due care in the selection of his servants, and the servant is then injured by one in the same character of employment with himself, same employment, doing the same work, the master is not then liable for that, because that is one of the risks that the servant assumes in entering upon the employment. The Judge does not restricct and limit the assumption of the risks of the negligence of fellow-servants, to those fellow-servants only who are in the same character of employment, doing the same work. In his charge he was trying to make plain to the jury that fellow-servants must be held to assume the risks of the negligence of fellow-servants; it was this character of coemployees that the jury were considering. This exception is overruled.

Second. The complaint directs the attention to the charge that the conduct of the defendant to the plaintiff would enable the latter to recover from the former punitive damages.

This paragraph of the complaint alleges that the defendant wilfully, recklessly damaged the plaintiff; the Circuit Judge was merely laying down the law applicable to such

conduct of the defendant. Surely if the charge that the injuries wrought to the person of the plaintiff were only half true, a charge regarding punitive damages would be sustained. After all the testimony laying bare the facts relating to the dreadful wounds upon plaintiff's person were what the defendant had to meet, and it might be said that the defendant joined issue with the plaintiff as to these facts. Thus leaving the responsibility to the jury and not the judge. We can not say, therefore, that there was no issue as to punitive damages, nor do we find that there was any charge upon the facts. Lastly, do we find that the charge of the Judge was an incorrect statement of the law relating to punitive damages. This exception is, therefore, overruled.

Third. No more serious responsibility is placed upon an employer than his duty to control the actions of a fellow being, if that fellow being is an adult and represents himself as knowing what he was doing, for under those circumstances, the master would have the right to assume that the servant realized what he was doing, but where a man is immature or very ignorant of the employment, then it would be the duty of the master to warn him, and if he failed to do so, a question of the master's responsibility is thereby raised to be presented to the jury. This is what we understand to be the meaning of the charge of the Circuit Judge here excepted to. Of course, slight immaturity would not be considered as negligence.

Such questions as these belong to the realm of common sense, and no tribunal is better fitted to the proper solution of such questions than a jury. This exception is overruled.

Fourth. His Honor expressed the view that a risk of which the servant knows nothing cannot be assumed; how can one assume a risk unknown to him? The appellant ingeniously suggests that such lack of knowledge or ignorance of risks might be due to the servant's want of thought or care, in other words, to the servant's own negligence, without the fault of the master; this can

have no practical application to the question now before the Court; the plaintiff was only seventeen years old, had no experience with cars; therefore, to speak of his want of thought or care in this exception is to argue a point which is not raised upon this record. This exception is, therefore, overruled.

Fifth. Another phase of this question of immaturity and want of experience is here presented; his Honor endeavored in his charge to the jury to call their attention to what the law requires of employees in treating with immature infants or ignorant persons, the appellant thinks that there was no ground laid for this careful charge on the part of the Judge in this case; but it occurs to us that a youth seventeen years of age, with absolutely no experience or knowledge of machinery, presents an instance where the presiding Judge may properly warn a jury of the dangers of immaturity and want of experience. Every man who has charge of the life or liberty of a youth is called upon to explain fully all the dangers incident to an employment of which the youth knows nothing. Such a case is here presented, and when the Circuit Judge, in the interest of humanity, laid down the law requiring employees to deal with great care in such cases as the present, he committed no mistake. Let this exception be overruled.

Sixth. The Circuit Judge held that only those servants who were engaged in the "common employment," who are not discharging any of the duties of the master, are fellow-servants. In 26 Cyc., 1081, we find the following: "The mere employment of a minor without his parents' consent about dangerous work is not negligence *per se,* unless forbidden by statute, or unless the employer knows that he is a minor and that the contract is made without the consent of his parents. But persons who employ minors must anticipate the ordinary behavior of children, must take notice of their lack of judgment and must exercise greater care toward and for them than is required by law to be exercised toward and for adults; and

where a minor is employed in a business, the danger of which he is unable, by reason of his immature judgment, to comprehend, the master is liable, etc.

"As to acts to which a master or principal is bound as such to perform toward his employees, if he delegates the performance of them to an agent, the agent occupies the place of the master, and the latter is deemed present and liable for the manner in which they are performed. This rule is applicable to individuals as to corporations."

Mr. McClain, the engineer, as the agent of the master, gave directions to the plaintiff, the minor, and it was while in their discharge the plaintiff was injured, the statement of the law just made that the immaturity of this plaintiff having no knowledge of the duties of switchman and being injured while in that condition, the responsibility becomes that of the master through his agent. This exception is overruled.

Seventh. In considering this exception we see no error as here pointed out in the three phases presented by the same, to wit:

(a) The jury were properly left to determine whether the defendant was negligent or not, as here required

(b) Under the charge of his Honor, it is properly left to the jury to say whether the defendant, through its negligence as a proximate cause, was responsible for the injuries to the plaintiff.

(c) As before remarked, the plaintiff was a minor of seventeen years, and there being no proof that he had any knowledge of machinery, the responsibility, primarily, was upon the defendant company to show that the plaintiff showed any negligence by which he could be held liable as contributing to his own injury. Therefore, this exception must be overruled.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. JUSTICE GARY *concurs in result.*

MR. JUSTICE JONES, *dissenting:* I think there should be a new trial, on the ground that plaintiff's evidence shows conclusively that his own negligence contributed as a proximate cause to his injury. *Lyon* v. *Charleston, etc., R. R. Co.,* 77 S. C., 328.

The undisputed evidence was that at the time of the accident, June, 1903, the plaintiff was seventeen and a half years old, with a slight mustache, weighing 140 pounds; that he was strong and active, and skilled as a carpenter, at which business he had been working for eight years; that he had been working for defendant as a carpenter for about five weeks, and soon after his employment he became foreman of a squad of workmen; that two nights before the accident, at the request or upon the demand of defendant's superintendent, he undertook to act as brakeman and switchman on the private railroad operated by defendant in transporting material in the construction of its plant. He had not informed defendant of his age, but nevertheless defendant took the precaution to instruct him as to his duties. At folio 115 plaintiff testified: "Q. Did anybody else give you lessons as to how to throw switches? A. Yes, sir; the engineer showed me on the signs. Q. When was that? A. That was the first night I went to work." And again, at folio 131: "Q. You had thrown switches then two nights before this? A. Yes, sir. Q. Done the switching for the engine? A. Yes, sir. Q. And you knew how to turn the switch? A. Yes, sir; I had learned that; anybody could learn that. Q. And he showed you the signs? A. Yes, sir; showed me two signs."

The switch was about five feet from the rail of the track and the crossties extended about two feet. The switch was operated by means of a horizontal lever, to be turned over toward or from the track as the case may require.

Plaintiff testified that on this occasion he was standing on the crossties and reached over to turn the lever toward him-

self, standing on the ties, but before he could throw the switch the cars struck him. Plaintiff testified that he knew that was a dangerous way to operate the switch, but that he was relying on the engineer not to move until he had made the signal, that he had been directed by the engineer that when he ran out of the switch, in fifteen or twenty minutes, when the hands had crossed the track, to sign him back and he would go back and hook up the cars.

The only inference that could be drawn from these undisputed facts is, that plaintiff was of age, experience and information sufficient to assume the risks of his employment and to be guilty of contributory negligence, that at most he sustained his injuries through the negligence of a fellow-servant, and that his own negligence contributed to his injury.

The injuries sustained by plaintiff naturally excite commiseration, but the province of the Court is only to properly fix the responsibility according to law

MR. JUSTICE WOODS *dissents, and concurs in the opinion of* MR. JUSTICE JONES.

April 24, 1908.   PER CURIAM.   After careful consideration of the within petition, this Court is satisfied that no material question of law or of fact has either been disregarded or overlooked.

It is, therefore, ordered that the petition be dismissed and that the order heretofore granted staying the remittitur be revoked.