8884

WILSON, AS ADMR., v. SOUTHERN RAILWAY CO. *ET AL.*

(82 S. E. 431.)

APPEAL AND ERROR.   EVIDENCE.

An objection to testimony not heard, and passed upon, by the trial
Judge, cannot be made the subject of an exception on appeal.

Before SEASE, J., Yorkville, Fall term, 1912.    Affirmed.

Action by C. S. Wilson, as administrator of the estate of D. · Rainey Wilson, deceased, against Southern Railway Company and Ed S. Mott.    From a judgment for defendants, plaintiff appeals.

*Messrs. Henry & McLure;* for appellant, submit: *The record of proceedings at coroner's inquest was inadmissible:* 66 S. C. 421.    *So testimony as to such proceedings and verdict:* 84 Ala. 149; 68 L. R. A. 294.    *Objection being*

14—98.

*made was sufficient basis for exception:* 59 S. C. 243-4; 63 N. Y. 256; 17 Wis. 37; 55 S. C. 340.

*Messrs. McDonald & McDonald,* for respondents, submit: *Objection to testimony did not state its grounds:* 62 S. C. 546; 63 S. C. 559; 66 S. C. 61; 67 S. C. 419; 72 S. C. 411; 73 S. C. 104; 74 S. C. 246; 75 S. C. 74, 116, 201, 225. *If testimony was irrelevant, its admission was within the discretion of the Court:* 75 S. C. 116, 129, 201, *and did not affect the verdict:* 44 S. C. 548; 64 S. C. 112; 72 S. C. 174; 78 S. C. 33. *The overwhelming preponderance of the evidence sustains the verdict:* 78 S. C. 73; 91 S. C. 331; 93 S. C. 299, 426.

July 16, 1914.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is the second appeal in this case. The first appeal is reported in 93 S. C. 17, 75 S. E. 1014. On the first appeal the case was sent back for a new trial, and was tried before Judge Sease and a jury, and resulted in a verdict in favor of the defendants. After entry of judgment plaintiff appeals, and by his exceptions raises one issue only; that the Circuit Judge committed error in allowing, over objection, certain testimony during the examination and cross-examination of T. J. Strait, one of plaintiff's witnesses, and in not granting a new trial. The record shows that Mr. Henry did object, but that the Circuit Judge made no ruling thereon for the reason as explained by him that he did not hear the objection made by plaintiff's counsel. It was the duty of counsel when objection was made by him to have the Judge rule on it, and the fact that he did not rule and states that he did not hear the objection is conclusive; and it must be taken as if the evidence was received as same as if unobjected to, for it must be presumed that the trial Judge will rule on any question properly presented to the

Court. It is the duty of counsel to raise objection to the admissibility of any testimony, stating the grounds of his objection, and it is the duty of the Court to make a ruling, and counsel should insist that a ruling be made. In this case his Honor states he heard no objection, and for this reason did not rule. We are bound to accept this statement as to what actually occurred, and the testimony when received was received as if unobjected to; and there was sufficient evidence to sustain the verdict.

The exceptions are overruled. Judgment affirmed.

Mr. Justice Gage was disqualified, and did not sit in this case.