10149

HENRY v. NORRIS BROS., INC.

(98 S. E. 197.)

1. MASTER AND SERVANT—MASTER'S DUTY TO WARN IGNORANT EMPLOYEE.
   —It is master's duty to warn immature or ignorant employee working on unsafe machinery of the danger.

2. MASTER AND SERVANT—INJURY TO EMPLOYEE—DANGEROUS MACHINERY—JURY QUESTION.—In action for injuries to newly employed workman while working on planing machine with unprotected cylinder, where there was abundant evidence that machine was dangerous, and that no warning had been given, Court properly refused to direct verdict for defendant.

3. MASTER AND SERVANT—DANGEROUS MACHINERY—NEGLIGENCE OF EMPLOYER—EVIDENCE.—In action for injuries to newly employed worker from unprotected knives attached to cylinder on planer on which employee was working, evidence *held* to support a reasonable inference of negligence by master as a proximate result of the injury.

4. MASTER AND SERVANT—DANGEROUS MACHINERY—PLANING MACHINE—
   ASSUMPTION OF RISK.—Newly hired employee did not assume risk of
   working on planing machine with cylinder with attached knives,
   though cylinder was in plain view, where its dangerous character was
   not obvious and employee did not know and had no opportunity to
   learn thereof.

5. MASTER AND SERVANT—INJURY TO EMPLOYEE—NEGLIGENCE OF FELLOW
   SERVANT.—In action for injuries to employee, who slipped on floor
   and cut his hand in cylinder, defense that injury was caused by negli-
   gence of fellow servant employed to sweep floor was not available,
   where there was no evidence that fellow servant disobeyed instruc-
   tions by failing to sweep floor when required to do so by master.

Before MAULDIN, J., Greenville, Summer term, 1918.
Affirmed.

Action by R. J. Henry against Norris Bros., Incorporated.
Judgment for plaintiff, and defendant appeals.

*Messrs. McCullough, Martin & Blythe,* for appellant.
*Messrs. Martin & Blythe* cite: *As to duty with reference
to safe place:* 26 Cyc. 1113-1114; 4 Lab. M. & S., 2d Ed.,
sec. 1517; 4 Lab. M. & S., 2d Ed., sec. 1518; 72 S. C. 242;
74 S. C. 419; 4 Lab. M. & S., 2d Ed. 1518, note 1, pp. 4547,
4548; 35 C. C. A. 78; 63 U. S. App. 157; 92 Fed. 884; 11
L. R. (N. S.) 1041; 75 C. C. A. 407; 144 Fed. 605; 145
Wis. 394; 33 L. R. A. (N. S.) 223; 130 N. W. 519. *As
to assumption of risk as to shavings and debris on floor:* 64
N. W. 857; 59 Minn. 16; 60 N. W. 1093; 104 Wis. 406;
80 N. W. 589; 21 N. E. 1719; 75 N. E. 253; 106 Fed. 641;
95 S. C. 241; 94 S. C. 410; 62 Conn. 209; 25 Att. 711. *As
to unsafe machine:* 74 S. C. 20; 72 S. C. 346; 12 Fed. 495;
74 S. C. 16; 104 Wis. 406; 80 N. W. 589; 112 S. W. 899;
113 N. Y. 540; 21 N. E. 717; 160 Mass. 230; 35 N. E. 458;
153 Mo. 327; 55 S. W. 88; 80 S. C. 570; 86 S. C. 271; 4
Lab. M. & S., 2d Ed., sec. 1313; 72 S. C. 421; Lab. M. & S.,
1st Ed., sec. 35; 152 U. S. 145; 56 Mich. 132; 133 Lab.
M. & S., 1st Ed., sec. 35, n. 6, p. 86; 148 Mass. 294; 4 L. R.
A. 51; 21 N. E. 304; 36 N. Y. S. R. 91; 12 N. Y. Supp.
454; 41 Fed. 919.

*Messrs. Martin & Henry* and *B. A. Morgan,* for respondent, cite: *As to it being necessary to treat under separate headings the failure to direct verdict and to grant new trial on one and the same ground:* 102 S. C. 81. *As to unguarded machinery:* 86 S. C. 271; 72 S. C. 16; 18 R. C. L. 591; 1 Am. St. Rep. 676; 104 Am. St. Rep. 356; 99 S. C. 232; 80 S. C. 567; 80 S. C. 7; 3 Labatt M. & S., secs. 2636-2637; 20 Am. St. Rep. 34-39. *As to safe place to stand:* 104 S. C. 116; 96 S. C. 425; 95 S. C. 239; 94 S. C. 410; 94 S. C. 324; 107 S. C. 397; 51 S. C. 222; 81 S. C. 564. *Law as to recklessness:* 88 S. C. 454; 101 S. C. 86; 101 S. C. 412; 97 S. C. 67; 81 S. E. 306; 54 S. C. 505; 16 A. & E. Enc. of Law 392 and 395; 91 S. C. 516; 65 S. C. 444. *As to latent dangers—no assumption of risk:* 79 S. C. 508; 74 S. C. 19; 80 S. C. 248; 72 S. C. 420; 86 S. C. 276; 87 S. C. 213; 94 S. C. 413; 84 S. C. 286; 101 S. C. 84; 85 S. C. 93; 66 S. C. 488; 18 R. C. L. 649 and 694. *No contributory negligence:* 75 S. C. 156; 83 S. C. 271; 51 S. C. 234; 80 S. C. 569. *Not act of fellow servant:* 107 S. C. 292; 94 S. C. 341; 34 S. C. 215; 92 S. C. 560; 79 S. C. 502; 80 S. C. 567; 81 S. C. 15; 83 S. C. 274; 51 S. C. 95. *As to expert testimony:* 107 S. C. 92; 96 S. C. 371; 108 S. C. 87; 94 S. C. 153; 74 S. C. 232; 2 Elliott Ev., sec. 1036.

February 3, 1919.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for damages for personal injuries. The negligence alleged was an unsafe place to work, unsafe machinery, and in causing him to work on an unsafe machine without warning him of danger.

In appellant's argument, it is said:

"Plaintiff entered defendant's employment September 25, 1917, at 6:40 a. m. and about 3:30 p. m. 'had his hand badly cut in an unprotected planer. He had been put to work upon this planer at about 11 a. m. Two worked the planer,

one pushing the pieces of timber and the other pulling. They were making shuttles. They stopped 40 minutes for dinner, so that plaintiff had worked the planer for about four hours when he was hurt."

The other facts can be stated in considering the exceptions.

At the close of the evidence the defendant moved for the direction of a verdict, which was refused. The jury found for the plaintiff, and from the judgment entered on their verdict the defendant appealed.

1. The first exception complains that there was error in not directing a verdict, because "there was no evidence to support a reasonable inference of negligence, which was the proximate cause of the injury." This exception cannot be sustained. There was evidence that this was the first day the plaintiff had worked in the mill; that when the plaintiff was transferred to the planer he knew nothing about the machine upon which he was required to work; that he was given no instructions; that he was not warned of the danger; that, while the cylinder to which knives were attached was unprotected and in plain sight, yet that he did not see it except when it was in motion; that when it was in motion (3,000 revolutions a minute), it looked smooth; that the fact that it had knives upon it was not apparent, and the plaintiff did not know and was not warned of the dangerous place on the machine; that plaintiff's fellow servant, who was working with him on the machine, got a splinter in his hand, and called him, or plaintiff thought he did, and he started to go around the machine, slipped on the floor, and his hand went on the cylinder and was badly cut.

There can be no doubt that it is the duty of the master to warn an immature or ignorant employee of the danger. *Gadsden v. Power Co.*, 80 S. C. 248, 61 S. E. 960. There was abundant evidence that the machine was dangerous, and that no warning was given. A verdict, therefore, could not have been directed.

. 2. "There was no evidence sufficient to support a reasonable inference of negligence as a proximate cause of the injury." This exception cannot be sustained. There was, in addition to the above, evidenc that other employees had been injured by this machine before the accident here complained of. The foreman said that he had told Mr. Norris: "It looks like we would have to fix something to keep them fellows from sticking their hands into the cutter."

There is a conflict of evidence as to whether the knives could have been protected or not, but, whether protection could or could not have been had, the duty to warn a novice of the unprotected danger was apparent. There was a conflict of testimony in regard to a warning, but that was a question for the jury.

3. "The plaintiff assumed the risk." While the cylinder was in plain sight, yet there was evidence that the dangerous character of it was not obvious, and that the plaintiff did not, as a matter of fact, know the source of the danger, and had no opportunity to know it. This exception cannot be sustained.

4. That a verdict should have been directed on the ground of contributory negligence. The appellant admits that this is not its strong point. The admission is well made, and this exception cannot be sustained.

5. Appellant next claims that the negligence, if any, was that of a fellow servant. This cannot be sustained. The negligence here referred to is that of the man employed to sweep the floor. The negligence of the sweeper, to be available, would be in failing to sweep when required to do so by the master. There was no evidence here that the sweeper failed to obey instructions.

The sixth exception was abandoned.

The judgment appealed from is affirmed.

MESSRS. JUSTICES HYDRICK, WATTS and GAGE concur.

MR. CHIEF JUSTICE GARY did not sit.