12009

GOWNS v. WATTS MILL

(133 S. E., 550)

1. MASTER AND SERVANT—MASTER MUST EXERCISE REASONABLE CARE IN INSTALLING, MAINTAINING, AND OPERATING MACHINERY COMMENSURATE WITH DANGERS.—Although negligence cannot be imputed to master because machinery furnished is inherently dangerous, yet he must exercise reasonable care in installing, maintaining, and operating machinery commensurate with dangers involved.

2. MASTER AND SERVANT—ALLEGATION THAT METHOD OF FASTENING BELTS WAS DANGEROUS HELD SUFFICIENT TO IMPUTE NEGLIGENCE TO MASTER.—Allegation in action by employee for injuries from buckle hurled from belt connecting overhead pulleys that method of fastening belts was dangerous *held* sufficient to impute negligence to master as to breach of duty to exercise reasonable care.

3. APPEAL AND ERROR.—Alleged error in admission of evidence will not be considered on appeal, in absence of ruling thereon by trial Judge.

4. MASTER AND SERVANT—NEGLIGENCE AS TO EMPLOYEE INJURED BY BELT BUCKLE HELD FOR JURY.—Testimony that belt buckle causing employee's injury when hurled from belt connecting overhead pulleys was defective, and of employer's failure to make inspection, *held* sufficient for jury on question of employer's negligence.

---

NOTE: Master's liability for injuries to servant from defective machinery and apparatus, see note in 41 L. R. A., 46.

5. MASTER AND SERVANT.—Ordinarily, question of assumption of risk is for jury.

6. MASTER AND SERVANT.—Whether employee, injured by buckle hurled from belt connecting overhead pulleys, had assumed risk *held* question for jury.

7. APPEAL AND ERROR.—Appellant cannot object to issues presented in Judge's statement, where attention of trial Judge was not called thereto.

8. TRIAL.—Instruction in servant's action for injuries, that buckle on belt connecting overhead pulleys was alleged to be defective *held* not erroneous, although not so alleged in complaint, where testimony thereof was introduced without objection

9. MASTER AND SERVANT.—Question of whether employee injured by belt buckle was at place of employment or where he had right to be *held* properly submitted to jury.

Before SHIPP, J., Laurens, November, 1924.   Affirmed.

Action by Burnett Gowns against the Watts Mill.   Judgment for plaintiff and defendant appeals, and plaintiff appeals from an order of the Circuit Judge in settling the case for appeal.

*Messrs. Simpson, Cooper & Babb,* for appellant, cite: *Employer not bound to furnish newest or safest appliances for use of employees:*   69 S. C., 109; 2 Cooley on Torts, 1139 and 1147.   *Furnishing dangerous appliances not negligence per se:*   127 F., 92; 62 C. C. A., 92; 79 A. S. R., 689; 66 Iowa, 590; 24 N. W., 227.   *Admissions of agent not within scope of his employment not admissible against principal:*   84 S. C., 192; 53 S. C., 451; 27 S. C., 67; 5 S. C., 369; 2 C. J., 857.   *Declarations of third party not part of res gestae not admissible:*   53 S. C., 451; 27 S. C., 67.   *Defendant entitled to nonsuit and directed verdict:*   126 S. C., 231; 72 S. C., 398; 69 S. C., 529; 66 S. C., 256; 39 S. C., 39.   *Settlement of case for appeal by Circuit Judge final:*   27 S. C., 67.

*Mr. O. L. Long,* for respondent, cites:   *Point brought out on direct examination may be gone into on cross-examination:*   51 S. C., 222; 28 S. E., 193.   *Testimony sufficient to*

*carry case to jury:* 40 S. C., 104; 18 S. E., 213. *Law imputes to master knowledge of latent danger in his appliances; may be rebutted:* 76 S. C., 976. *Testimony susceptible of more than one inference must go to jury:* 78 S. E., 890; 45 S. E., 81. *Burden on master to show assumption of risk:* 113 S. E., 348; 100 S. E., 151. *Case in point:* 51 S. C., 222; 28 S. E., 193.

June 7, 1926.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action for damages for personal injuries alleged to have been received by the plaintiff, a cotton mill hand, while in the employ of the defendant. The action was commenced on May 5, 1923, at which time the plaintiff was an infant and represented by his guardian *ad litem,* but before the case was brought to trial he reached his majority, and the action was prosecuted in his name. The complaint alleged that the plaintiff was employed by the defendant as a card room hand, his duties being to operate several card machines; that on the 28th day of December, 1922, while standing near his machines attending to his duties, not being aware of any danger, he was hit by a belt buckle hurled with great force from a belt, which connected two overhead pulleys, and which buckle passed entirely through one of his legs, inflicting a dangerous wound; that he was confined to the hospital for a period of six weeks, during the whole of which time he endured great pain and suffering; and that his leg was permanently injured and his earning capacity greatly impaired. The fourth paragraph of the complaint is as follows:

"That the injuries inflicted as aforesaid were caused by the willful and wanton negligence of the defendant company in failing to furnish plaintiff a safe place in which to work, and safe and sound tools, machines, and appliances, in that the belt overhead which moved when the mill was in operation at a very rapid rate of speed, and was subjected to a

12—S. C.—135.

great strain, was worn and rotten, and the ends thereof were carelessly and negligently fastened together with the buckle which was not properly fastened. That the method of fastening together belts the size of the one in question with buckles of this type is dangerous. That in spite of all this the defendant had neglected to keep said belt in repair, and was running same in a very dangerous condition, thus jeopardizing the lives and safety of all working in this part of the building. All of this was well known to the defendant company, or could have been discovered by said defendant by a proper inspection of said belt and buckle, and the said Burnett Gowns was entirely unaware of the defective condition of the belt and buckle as aforesaid."

The defendant by its answer admitted that the plaintiff was in its employ at the time he received some injuries, but denied all other allegations of the complaint. It also alleged as a defense:

"That the injuries sustained were the results of matters ordinarily incident to the employment in which he was engaged and which were assured by him voluntarily when he engaged to work at this mill."

It appears that the fourth paragraph of the complaint originally contained an allegation "that the method of fastening together belts the size of the one in question with buckles of this type is obsolete and dangerous"; that the defendant moved to strike out this allegation; that the Circuit Judge ordered the word "obsolete" to be stricken out, but refused defendant's motion to strike out the balance of the allegation; and that the Circuit Judge also ordered the allegation as to mental anguish stricken from the complaint.

At the close of the plaintiff's testimony the defendant made a motion for a nonsuit, which was granted as to punitive damages. At the close of all the testimony the defendant moved for a directed verdict, on the grounds stated in exception 4 of its appeal, but the motion was overruled.

The jury found a verdict for the plaintiff in the sum of $1,000. The defendant thereupon made a motion for a new trial on the grounds set out in its fourth and sixth exceptions, but the motion was refused.

The defendant now comes to this Court on appeal by six exceptions, imputing error to the Circuit Judge in the following particulars: (1) Error in failing to strike out certain allegations of the complaint; (2) error in admitting certain evidence; (3) error in refusing to direct a verdict; (4) error in the charge to the jury; (5) error in refusing a new trial.

The plaintiff also appeals from the order of the Circuit Judge in settling the "Case" for appeal, upon the grounds that the case as settled by the trial Judge is not supported by the stenographer's records of the trial.

The first exception is as follows:

' Because his Honor erred, it is respectfully submitted, in failing to strike out of paragraph 4 of the complaint the following: 'That the method of fastening together belts the size of the one in question with buckles of this type is dangerous.' The error being that the fact that a machine is dangerous does not show actionable negligence, if it is the usual machine ordinarily used for the work to be done."

It is true that negligence cannot be imputed to the master merely by reason of the fact that the machinery furnished is inherently dangerous, but it is also true that—

"The master is nevertheless required to exercise such reasonable care in respect of the installation, maintenance, and operation of such machinery as is commensurate with the dangers involved, and he will be liable for injuries resulting from his failure to exercise such care." 39 C. J., 341.

The allegation complained of, however, imputes negligence to the master, not because of any inherent danger in the machinery furnished, but through breach of its duty to exercise reasonable care, under all the

circumstances, in respect to the installation, maintenance, etc., of· the machinery being used for the work to be done, the negligence specified being that to fasten together the ends of a belt the size and length of the belt in question with buckles of the type used rendered the machinery (which may otherwise have been reasonably safe) unsafe and dangerous.

In *Lester v. Railway,* 93 S. C., 395; 76 S. E., 976, the Court said:

·  "The law is so well settled in this State that it is unnecessary to quote authority that it is the duty of the master to furnish the servant with a reasonable, suitable and safe place to work and keep the same in reasonable safe and suitable repair, and furnish the servant with reasonable safe and suitable machinery and appliances to do the work with and keep the same in reasonably safe and suitable repair and this duty of the master is nonassignable."

See *Gilliland v. Railway,* 86 S. C., 137; 68 S. E., 186. *Watson v. Railway,* 91 S. C., 127; 74 S. E., 121.  This assignment of error cannot be sustained.

By its second· and third exceptions the appellant complains that the Circuit Judge erred in allowing the plaintiff, over defendant's objection, to testify that, after the accident, and after he had returned from the hospital, he had asked Griffin, an employee of the defendant, to show him the buckle which plaintiff alleged had caused his injury, but that the request was refused, and in permitting cross-examination of Griffin, defendant's witness, in reference thereto, and error on the part of the Circuit Judge in permitting the plaintiff, over defendant's objection, to question the witness Roberts as to the comparative safety of a belt glued together, and one put together with a buckle, the error being that the master is not required to use the safest or most improved machinery, but only such as a man of ordinary prudence and reason would use under similar circumstances.  We have carefully examined the record, and neither in the stenographer's report of the testimony com-

plained of nor in that part of the "Case" relating thereto settled by the Circuit Judge's order do we find that any ruling was made by the trial Judge on the admission of this testimony. It is a well-settled rule of law in this State that, where there is no ruling on objection made to admission of evidence, this Court will not consider on appeal alleged errors in reference thereto. See *Norris v. Clinkscales,* 59 S. C., 232; 37 S. E., 821. *Wilson v. Southern Railway Co.,* 98 S. C., 209; 82 S. E., 431. *Murph v. Lincoln Reserve Life Insurance Co.,* 115 S. C., 318; 105 S. E., 689. These exceptions are overruled.

By its fourth exception the appellant complains of error on the part of the Circuit Judge in refusing to direct a verdict in its favor on the grounds:

"(a) That there was no testimony to show that the defendant knew, or could have known, that the appliances were defective or not of proper construction, nor that the appliances were defective or not of proper construction, and, on the contrary, that the testimony showed that they were appliances of ordinary usage, and ordinary construction of machinery, and were duly inspected.

"(b) That there was no testimony to show that the defendant was guilty of any actionable negligence, which was the proximate cause of the injury.

"(c) That the testimony was susceptible of only one inference, and that is, that there was no negligence on the part of the defendant.

"(d) That the evidence showed that the accident was the result of the mere breaking of an appliance, constructed and used as persons of reasonable care and prudence would construct and use same under similar circumstances, and that plaintiff assumed the risk of such breaking. The error is, that the specification of negligence was that the belt was worn and rotten and that the ends thereof were carelessly and negligently fastened together with a buckle, which was not properly fastened, all of which was well known to the

defendant, or could have been discovered by a proper inspection. This is not supported by the evidence and on the contrary the evidence shows that the belt was such as was used in well-regulated mills, constructed in the usual way and that it and other belts broke all of which were well known to the plaintiff and he assumed the risk of such breaking."

Under the testimony the Circuit Judge could not have directed a verdict for the defendant upon either or any of the grounds named in the exception. There was testimony tending to show that the buckle by which the plaintiff was injured was defective, in that it was worn on the points, sides and back, and in that the points of the pegs of the same were somewhat bent, and there was also testimony from which it might be inferred that porper inspection of the machinery was not made—from all of which an implication of negligence on the part of the defendant as to keeping the machinery in reasonably proper repair and as to reasonable inspection might arise. There was sufficient testimony to submit the case to the jury on the question of negligence.

The contention of the appellant that a verdict should have been directed in its favor on the ground that the plaintiff had assumed the risk of the breaking of the belt is without merit. The question of assumption of risk is ordinarily for the jury as to whether the plaintiff knew the machine was defective, and whether, if he so knew, he fully comprehended the danger of such defects. See *Berry v. Dillon Mills,* 120 S. C., 333; 113 S. E., 348.

"Where the master's fault is the cause of injury to his servant, he is *prima facie* liable, and if he would relieve himself of the consequences, on the ground that the servant assumed the risk, he must show, not only that the servant knew the danger, or that it was so obvious that he should have known it, but also that he comprehended or appreciated it." *Barnhill v. Manufacturing Co.,* 112 S. C., 541; 100 S. E., 151.

See, also, *Henry v. Norris Brothers,* 111 S. C., 437; 98 S. E., 197.

The trial Judge could not have held in this case as a matter of law that the plaintiff had assumed the risk that resulted in his injury, nor that the injuries sustained were the results of matters ordinarily incident to the employment in which he was engaged, nor was it shown that the plaintiff knew there was any danger, or that there was any danger so obvious that he should have known it, or that he understood or appreciated it. Under all the testimony, facts and circumstances, the Circuit Judge properly submitted the question to the jury.

By its fifth exception the appellant complains that the trial Judge misstated the issues in his charge to the jury, and thereby committed prejudicial error. This exception is as follows:

"Because his Honor, the presiding Judge, erred, it is respectfully submitted, in charging the jury that plaintiff alleged mental anguish in the complaint, and that the buckle was defective, the error being that the allegations, in the complaint, as to mental anguish, were stricken out of the complaint, and there was no allegations in the complaint that the buckle was defective, and he thereby stated to the jury issues which were not raised by the pleadings, and which were not properly before the jury and were misleading. This charge was also prejudicial to the defendant, in that the jury might have thought that they had the right to consider the question of mental anguish in arriving at the amount of their verdict."

It is true that the Circuit Judge granted the defendant's motion to strike from the complaint the allegation of mental anguish, and that there was no allegation in the complaint that the buckle in question was defective. It is also true that, while he directed the jury to read the pleadings for themselves, he also made a brief statement of the issues to them, and in this statement told

them that the plaintiff had alleged: (1) That he suffered mental pain; and (2) that the buckle from which he received his injury was defective. It does not apper, however, that the attention of the trial Judge was called to any misstatement of the issues as complained of, and the appellant cannot now be heard to object. *Park v. Laurens Cotton Mills,* 75 S. C., 560; 56 S. E., 234. *Neely, Adm'r, v. Carolina N. W. Ry. Co.,* 123 S. C., 449; 117 S. E., 55.

As a further reason why this assignment of error cannot be sustained, as to the charge of the Judge that the buckle was alleged to be defective, there was testimony introduced, without objection on the part of the defendant, tending to show that the buckle in question was defective and unsound. This, despite the lack of an appropriate allegation in the complaint, made an issue of fact to be submitted to the jury for their determination. See *Davis v. Railway,* 63 S. C., 370; 41 S. E., 468. *Chafee v. Aiken,* 57 S. C., 507; 35 S. E., 800. *Schwaninger v. McNeeley,* 44 Wash., 447; 87 P., 514; 38 Cyc., 1616, *et seq.*

By its sixth exception the appellant complains of error on the part of the Circuit Judge in refusing to grant its motion for a new trial, on the additional ground "that the verdict was not in accordance with the evidence and the Judge's charge," in that there was no evidence of negligence on the part of the defendant as complained of, that the plaintiff had assumed the ordinary risks incident to his employment, and that he, at the time he received the alleged injuries, was not at his place of employment or at a place where he had a right to be. This assignment of error cannot be sustained. What we have said in reference to the fourth exception applies here. Also, whether the plaintiff was at his place of employment or at a place where he had a right to be at the time he received the injury was, under all the testimony, properly submitted to the jury.

Under our view that the defendant's assignments of error

are without merit, it becomes unnecessary to consider the plaintiff's appeal from the order of the Circuit Judge set-tling the "Case."

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES COTHRAN and BLEASE and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. JUSTICE WATTS disqualified.

MR. CHIEF JUSTICE GARY did not participate.